Argued November 5, reversed and remanded December 19, 1974

# BERKHEIMERS, INC., *Appellant, v.*
# CITIZENS VALLEY BANK, *Respondent.*

### 529 P2d 903

*Andrew P. Kerr,* Portland, argued the cause for appellant. With him on the briefs were Yerkovich, Gilbertson & Brownstein, Portland.

*Richard B. Hagedorn,* Albany, argued the cause for respondent. With him on the brief were Weatherford, Thompson, Horton & Jordan, Albany.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL,* BRYSON and SLOPER, Justices.

BRYSON, J.

Plaintiff brought this action to recover damages resulting from defendant bank's alleged conversion of the proceeds of a check. The defendant demurred to the complaint on the ground that it failed to state a cause of action. The trial court sustained defendant's demurrer and entered an order dismissing the complaint with prejudice. Plaintiff appeals.

▉ The sole question on appeal is whether plaintiff's complaint states a cause of action. On review

---

* Howell, J., did not participate in this decision.

we accept the allegations of plaintiff's complaint as true.

Plaintiff's complaint alleged:
"* * * * *.

"III

"During the months of August, September, and October, 1972, plaintiff furnished and sold to Bauer & Bronec Sales, Inc., ('Bauer & Bronec), an Oregon corporation, certain building materials for Bauer & Bronec's use as a subcontractor on various jobs including a project under construction for the Housing Authority of Salem, Oregon.

"IV

"In consideration for materials supplied on the job by plaintiff and labor performed on the job by Bauer & Bronec, the general contractor-owner of the turnkey project issued its check on October 12, 1972 in the sum of $3,874.41 jointly payable to Bauer & Bronec and plaintiff.

"V

"Without securing the endorsement of plaintiff, Bauer & Bronec endorsed the check and deposited it in its account with defendant and subsequently withdrew and disposed of these funds.

"VI

"Defendant accepted the check and paid on the same even though it was not negotiable under ORS 73.1160 due to the lack of an endorsement thereon by plaintiff thereby converting the funds in which plaintiff had an interest.

"VII

"Plaintiff has demanded payment in the face amount of the check of $3,874.41 from defendant, but defendant has refused such payment thereby converting the monies to its own use.

"* * * * *"

As alleged, Bauer & Bronec Sales, Inc. (here-

inafter B & B), was permitted to withdraw all of the proceeds of the check which was in B & B's account with defendant bank.

Plaintiff contends that defendant, a collecting bank, is liable for paying the entire proceeds of a check to one of two jointly named payees without first obtaining the endorsement of both payees because such conduct constitutes a wrongful interference with and dominion over the nonendorsing payee's (plaintiff's) property.

Defendant contends that plaintiff is precluded from commencing an action in conversion, or that defendant is liable only for the amount of the proceeds remaining in its hands (such amount being zero), or that plaintiff has no cause of action as to the *entire* check because defendant obtained a partial (B & B's) interest in the check. ORS 73.1160 provides:

> "Instruments payable to two or more persons. An instrument payable to the order of two or more persons:
>
> "(1) If in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
>
> "(2) If not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."

■ It is evident from the complaint that the check was not payable to plaintiff *or* B & B. It was payable to both of them and therefore could be negotiated or discharged only with both endorsements. Both parties rely upon ORS 73.4190 (1)(c),[1] but it is not

---

[1] ORS 73.4190 (1)(c):

"(1) An instrument is converted when:

"* * * * *.

"(c) It is paid on a forged indorsement."

applicable because, strictly speaking, there is no forgery.[2]

■ Nevertheless, plaintiff is not precluded from recovery because plaintiff may proceed under the general principles of conversion which remain in force by virtue of ORS 71.1030. See 2 Anderson, Uniform Commercial Code § 3-419:4 (2d ed 1971); Annot., 47 ALR3d 537, 542 (1973). ORS 71.1030 states:

> "Unless displaced by the particular provisions of the Uniform Commercial Code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions."[3]

Since the check could be negotiated only upon the proper endorsement of both payees, ORS 73.1160; *Ricks v. Brown,* 15 Or App 160, 167-68, 515 P2d 206, 210

---

[2] *Compare* Federal Dep. Ins. Corp. v. Marine Nat. Bank of Jacksonville, 431 F2d 341, 344 (5th Cir 1970) (paying on instrument with missing endorsement is "analogous to payment on forged indorsement" under Fla. Stat. Annot. § 673.3-419 (1) (c); Pacific Metals Co. v. Tracy-Collins Bank & Trust Co., 21 Utah 2d 400, 446 P2d 303, 306-07 (1968) (Callister, J., dissenting; payment where endorsement missing is analogous to payment on forged endorsement). One commentator would apparently question defendant's claim that it did not pay on a forged endorsement. See Murray, *Joint Payee Checks—Forged and Missing Indorsements,* 78 Com L J 393, 409 (1973).

[3] For decisions applying this section, *see* Melms v. Mitchell, 266 Or 208, 219, 512 P2d 1336, 1341-42 (1973) (equity principles in suit to rescind contract); Markle v. Mulholland's, Inc., 265 Or 259, 273-74, 509 P2d 529, 536 (1973) (O'Connell, C. J., specially concurring; products liability action); Belleville v. Davis, 262 Or 387, n. 5 at 397, 498 P2d 744 (1972) (estoppel). In Salsman v. National Community Bank of Rutherford, 102 NJ Super 482, 246 A2d 162, 167-68 (1968), this section was held to provide recovery in conversion where a bank paid on an unauthorized endorsement.

(1973), defendant's conduct in paying the entire proceeds to B & B alone without the endorsement of and to the exclusion of plaintiff, was an intentional exercise of dominion or control over the check which seriously interfered with plaintiff's right to proceeds of the check. Such an act constitutes a conversion. *See Mustola v. Toddy,* 253 Or 658, 663, 456 P2d 1004 (1969).②

■ In response, defendant contends that ORS 73.-4190 (3) limits a collecting bank's liability to the amount of proceeds remaining in its hands. Therefore, defendant reasons, it is "statutorily insulated from liability" because defendant does not hold any proceeds.

Defendant misconstrues the statute. ORS 73.-4190 (3) requires that a collecting bank first act "in good faith and in accordance with the reasonable commercial standards applicable to the business" of collecting banks. In *Montgomery v. First Nat. Bank,* 265 Or 55, 63, 508 P2d 428 (1973), we stated:

> "Thus, a collecting bank is protected from an action for conversion only when it has dealt with the instrument 'in accordance with the reasonable commercial standards applicable to the business of such representative * * *.' The burden of proof as to this defense rests on the collecting bank."

Under the facts of this case, defendant had no authority to pay the proceeds to B & B alone without first securing the endorsement of both payees. The absence of plaintiff's endorsement could be

---

② Courts have uniformly held collecting banks liable for paying instruments which lack the endorsement of a jointly named payee. However, they do not rely upon the same theory. Nevertheless, the general rule rests upon principles of conversion. See Murray, *supra* note 2 at 402.

readily detected by an examination of the instrument. For these reasons we do not believe defendant acted in a commercially reasonable manner even though it may have acted in good faith.

■ The remaining issue is defendant's contention that it has obtained a partial (B & B's) interest in the check. Even if B & B's conduct operates as a partial assignment of B & B's interest to defendant, this fact does not defeat the cause of action stated on the face of the complaint. This is a matter which should be pleaded affirmatively in a defense and then determined as a matter of proof at the time of trial.

We conclude that plaintiff's complaint states a cause of action.

Reversed and remanded for further proceedings not inconsistent herewith.