
E. S. TUBIN, Plaintiff-Appellee,

v.

Meyer RABIN, a/k/a Meyer Raben, Consumer's Investment Co., Charles Cowart and C. D. Wyche, Defendants,

Fair Park National Bank of Dallas, etc., Defendant-Appellant.

No. 75–1310.

United States Court of Appeals, Fifth Circuit.

June 11, 1976.

Rehearing Denied July 13, 1976.

James A. Knox, Paul D. Schoonover, Dallas, Tex., for defendant-appellant.

Lawrence E. Ackels, Lawrence E. Ackels, Jr., Dallas, Tex., plaintiff-appellee.

Mike Joplin, John H. Hall, Dallas, Tex., for Wyche.

Before WISDOM and INGRAHAM, Circuit Judges, and GROOMS, District Judge.

PER CURIAM:

This is a diversity of citizenship claim predicated on the Uniform Commercial Code (U.C.C.). Max Triplett sought to acquire a $2,850,000 loan for the acquisition and development of a New Mexico ghost town. Triplett attempted to arrange the financing through Meyer Rabin and Consumers Investment Company (CIC). CIC issued a commitment letter conditioned on the payment of a $14,250 commitment fee and the personal guarantee of C. D. Wyche. Because Triplett lacked the personal resources to fund the commitment fee, he sought to secure an additional loan. Melvin Rueckhaus, a New Mexico attorney, arranged a meeting between Triplett and E. S. Tubin to discuss the transaction. Tubin agreed to provide the $14,250 if the money would be "safe" pending the closing of the $2,850,000 loan and if he would receive $4,500 for the use of his money. Triplett agreed and Tubin purchased a $14,250 cashier's check from First National Bank of Albuquerque payable to Rueckhaus.

Rueckhaus typed the following restrictive endorsement on the back of the check:

PAY TO THE ORDER—CONSUMERS INVESTMENT CO. and CHARLES D. WYCHE, SR., of 1631 Rachelle Road, Irving, Texas, the same C. D. WYCHE mentioned in commitment letter 11/6/67 by CONSUMERS to Max Triplett. Endorsement constitutes acknowledgement by endorsees that the money represented by this check is the only remaining condition to funding the loan committee (sic commitment) and that endorsees will return the $14,250.00 to Melvin E. Rueckhaus,

Attorney for E. S. Tubin, within 30 days if the loan is not funded as per agreement before that time.

Rabin presented the check to Fair Park National Bank for deposit and immediate credit to CIC's account. Wyche's signature was forged, but Fair Park National Bank was unaware of the forgery and immediately credited $14,250 to CIC and Rabin's account. Rabin depleted the CIC account, including the $14,250 attributable to the credit for Tubin's cashier's check.

The loan was never closed, but the $14,250 was never returned to Tubin or Rueckhaus.

Tubin sued Fair Park National Bank for breach of warranty and conversion of the cashier's check. After a non-jury trial, Judge Taylor filed two opinions in favor of Tubin. *Tubin v. Rabin*, 382 F.Supp. 193 (N.D.Tex.1974); supplemental opinion, 389 F.Supp. 787 (1974). Essentially, in his memorandum opinion Judge Taylor held:

> "Under § 3.202 [of the U.C.C.], negotiation of an 'order' instrument occurs when delivery, together with any necessary endorsements, is accomplished so that the transferee becomes a qualified 'holder' of that instrument. In the present case, Fair Park could not stand in the shoes of either a 'holder' or a 'holder in due course' because C. D. Wyche's special endorsement was forged. According to § 3.204(a) a special endorsement is one which specifies the person to whose order the instrument is made payable. Rueckhaus, in endorsing the check as the original payee, required that in order for further negotiation of the check to occur, a collecting bank should 'pay to the order of Consumer's Investment Company and Charles D. Wyche, Sr.' Thus, the $14,250.00 cashier's check became a specially endorsed instrument and could only be negotiated by both Wyche's and C.I.C.'s special endorsements together. The forgery of Wyche's signature rendered both special endorsements inoperative under § 3-404(a) and insofar as § 3-204(a) is concerned prevented the attempted negotiation.

> "By specially endorsing the check, the payee Reuckhaus in effect was saying that he desired only his enumerated endorsees or those persons who they desired by further negotiation, to receive the proceeds of the check. When the defendant collecting bank [Fair Park National Bank] paid the proceeds to a forger, the payee's [Reuckhaus] specific wishes were not carried out and under § 3–419(1)(c) it converted the payee's funds. Placing the funds received into the C.I.C. account, an account owned by one of its customers, does not alter this conclusion insofar as the collecting bank is concerned. When a payee specially endorses a check, he remains the rightful and deserving owner until his designated special endorsees—in this case, Wyche and C.I.C.—endorse.

> "The Court is of the opinion that Fair Park National Bank is liable to plaintiff upon the conversion theory."

382 F.Supp. 193, 197.

In the supplemental opinion Judge Taylor rejected the six affirmative defenses raised by Fair Park National Bank. 389 F.Supp. 787.

Finding no reversible error, we AFFIRM the judgment of the district court.