180 N.J. Super. 170 (1981)
434 A.2d 618
HUMBERTO DECORATORS, INC., PLAINTIFF-RESPONDENT,
v.
PLAZA NATIONAL BANK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 2, 1981.
Decided July 15, 1981.
*172 Before Judges BOTTER, KING and McELROY.
Allan A. Maki, attorney for appellant (Charles J. Simoldoni, on the brief).
Joseph J. Talafous, attorney for respondent.
The opinion of the court was delivered by KING, J.A.D.
Defendant appeals from a judgment of $28,205.09 plus prejudgment interest based on a finding that it was negligent in paying a cashier's check issued from the proceeds of a Small Business Administration (SBA) guaranteed loan without the endorsement of plaintiff-payee. Defendant alleges that the judge erred in finding that plaintiff had standing to bring this action as a third-party beneficiary of the loan agreement between defendant and Restaurant Argentino Tango, Inc. (Tango) of which plaintiff was a creditor. Defendant contends that it was not negligent in paying the check because the check had not been delivered to plaintiff and therefore Tango, as owner of the check, retained the right to cancel and did cancel the check when it deposited the unendorsed document in its account.
*173 In November 1972 plaintiff, a general contracting firm, was asked by Tice, Tango's owner, to renovate the restaurant. Plaintiff prepared a contract which quoted a price of $27,415 and required that the work be paid for by 50 interest-bearing promissory notes.
After plaintiff completed the work plaintiff's principal, Hernandez, agreed to allow Tice to pay with money he would receive from an SBA guaranteed loan for which he was applying. As a result plaintiff did not draw any promissory notes. However, plaintiff did prepare a statement as evidence of Tango's indebtedness to it which was submitted to defendant bank in conjunction with Tice's application for the loan.
On July 13, 1973 defendant closed the loan with Tango and issued the proceeds thereof in several cashier's checks payable to Tango's creditors, including plaintiff. Defendant gave plaintiff's check to Tice to deliver. Plaintiff asked Tice for the check several times thereafter and also inquired of defendant as to when the check would be issued. Plaintiff never received the check. The check was subsequently deposited in Tango's account at defendant bank, which honored the check even though it had not been endorsed. About 1 1/2 years after the check was honored, Tango declared bankruptcy.
Defendant bank was properly held liable to plaintiff. When the cashier's check was honored by the bank without plaintiff's endorsement there was a common law conversion of the proceeds. "Receiving the funds without a proper endorsement and crediting the funds to one not entitled thereto constitutes a conversion of the funds." Salsman v. National Community Bank of Rutherford, 102 N.J. Super. 482, 492 (Law Div. 1968), aff'd 105 N.J. Super. 164 (App.Div. 1969). A proper negotiation of the instrument required the payee's endorsement. "Negotiation takes effect only when the indorsement is made...." N.J.S.A. 12A:3-201(3). "If the instrument is payable to order it is negotiated by delivery with any necessary indorsement." N.J.S.A. 12A:3-202(1).
*174 Under the Uniform Commercial Code an instrument is converted when it is paid on a forged endorsement. N.J.S.A. 12A:3-419(1)(c). Gast v. American Gas Co. of Reading, 99 N.J. Super. 538 (App.Div. 1968); see Salsman, supra, 102 N.J. Super. at 492 We perceive no legal difference between payment of an instrument on a forged endorsement and payment on no endorsement by the payee at all. Although the Code does not specify that payment without endorsement constitutes a conversion, we are free to so find under the general principles of the common law. Unless displaced by the Code, "the principles of law and equity, including the law merchant." supplement its provisions. N.J.S.A. 12A:1-103. For other authorities holding that payment on a missing endorsement is equivalent to payment upon a forged endorsement and therefore a common law conversion, see Federal Deposit Ins. Corp. v. Marine Nat'l Bank, 431 F.2d 341 (5 Cir.1970); Berkheimer's Inc. v. Citizens Valley Bank, 270 Or. 807, 529 P.2d 903 (1974); Peoples Nat'l Bank v. American Fidelity Fire Ins., 39 Md. App. 614, 386 A.2d 1254 (Ct.Sup.App. 1978); see, also, Gillespie v. Riley Management Corp., 59 Ill.2d 211, 319 N.E.2d 753 (Sup.Ct. 1974). Nor was Tango's improper negotiation of the check a surrender of the instrument for cancellation. Cf. N.J.S.A. 12A:3-605(1)(b); In re Kirschenbaum, 44 N.J. Super., 391, 398 (App.Div.), certif. den. 25 N.J. 51 (1975).
Further, we reject defendant's contention that the cashier's check was not delivered to plaintiff. There is no doubt that defendant bank had the intention of transferring title to the check and creating an enforceable obligation when it surrendered control of the instrument by giving it to Tice for delivery to the plaintiff. "The matter of intention is vital to delivery." Manna v. Perozzi, 44 N.J. Super. 227, 235 (App.Div. 1957). Supporting this conclusion that Tice was acting as agent of the payee plaintiff and not of defendant bank when he accepted the check are the facts that (1) plaintiff agreed to forbear and wait for the proceeds of the SBA loan in lieu of the notes called for under the contract between plaintiff and Tango; (2) plaintiff *175 assisted Tango in its loan application by submitting a statement of indebtedness to defendant bank, and (3) plaintiff looked to Tice for delivery of its portion of the loan proceeds. Once the check had been constructively delivered to plaintiff its ownership rights vested and it had standing to sue as payee. Salsman v. National Community Bank, supra, 102 N.J. Super. at 495; see 5B Michie, Banks and Banking, § 251 at 506 (1973); Anderson's Uniform Commercial Code (2 ed. 1971), § 3-102:4 at 586-587.
Defendant also contends that the judge erred in determining that plaintiff was entitled to $28,205.09 because there was no evidence of a debt in that sum and because plaintiff had received partial payment from Tango. The record adequately supports the finding of the trial judge that the face amount of the check represented Tango's actual indebtedness to plaintiff. We will not disturb a finding adequately supported by credible evidence in the record. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974).
Affirmed.