**STEVEN–DANIELS CORPORATION,**
Appellant,

v.

**COMMERCIAL NATIONAL BANK, Appellee.**

No. 05–83–00546–CV.

Court of Appeals of Texas,
Dallas.

June 12, 1984.

Rehearing Denied July 18, 1984.

James D. Blume, Dallas, for appellant.

Frank J. Betancourt, DeHay & Blanchard, Dallas, for appellee.

Before STEPHENS, VANCE and ALLEN, JJ.

STEPHENS, Justice.

This is an appeal from a take-nothing judgment rendered against Steven-Daniels Corporation in its suit for conversion against Commercial National Bank. Although Steven-Daniels asserts eight points of error, we hold that certain points are dispositive of the case, and we address only those points. Disagreeing with Steven-Daniels' argument as to each of the controlling points, we affirm the judgment of the trial court.

Janie C. Stanfield, a depositor of Commercial National Bank, was an employee of Steven-Daniels, whose duties as a bookkeeper included the responsibility for receiving incoming checks, posting them to the accounts receivable ledger, making certain entries on a commercial credit report, and then turning the checks over to the Comptroller. Stanfield, during the term of her employment, took six of the incoming checks, payable to Steven-Daniels, supplied the endorsement of Steven-Daniels, and deposited the checks to her account in the bank. Prior to any notice to the bank of the unauthorized endorsement on the checks, Stanfield withdrew the funds from the bank. When Steven-Daniels learned of Stanfield's acts, it discharged her and sued Commercial National Bank for conversion.

Commercial National Bank defended the suit, alleging several defenses. The one pertinent to this decision is that the bank acted in good faith and in accordance with reasonable commercial standards, in accordance with TEX.BUS. & COM.CODE ANN. § 3.419(c) (Vernon 1968). The jury answered the issue supporting this defense favorably to the bank, resulting in the take-nothing judgment against Steven-Daniels.

■ With respect to the bank's actions being in good faith, and in accordance with

reasonable commercial standards, Steven-Daniels, relying on *Ligon v. E.F. Hutton & Company*, 428 S.W.2d 434 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.) and *Rodriguez v. Ortegon*, 616 S.W.2d 946 (Tex.Civ.App.—Corpus Christi 1981, no writ), first argues that good faith is not a defense to conversion as a matter of law. As a general rule we agree, yet in the context of this case we disagree. Both of the cases relied on by Steven-Daniels involve conversion of certificates of stock of a corporation. TEX.BUS. & COM.CODE ANN. § 3.419(c) expressly provides:

> (c) Subject to the provisions of this title concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.

Steven-Daniels insists that the case of *Tubin v. Rabin*, 382 F.Supp. 193 (N.D.Tex. 1974), *supplemented*, 389 F.Supp. 787, *aff'd*, 533 F.2d 255 (5th Cir.1976) holds that good faith is not a defense under section 3.419(c). This is incorrect. *Tubin* deals with a restrictive endorsement, which is specifically excepted from section 3.419(c). We hold that Commercial National Bank is entitled to the defense set forth in section 3.419(c).

■ In light of our holding that the bank is entitled to the defense of acting in good faith and in accordance with reasonable commercial standards, we must next consider Steven-Daniels' point of error that the jury's affirmative answer to the special issue inquiring as to whether Commercial National Bank acted within reasonable commercial standards is supported by no evidence. (First, we note that Steven-Daniels made no complaint as to the lack of, or as to the sufficiency of the evidence to support the jury's finding that Commercial National Bank acted in good faith.) Our standard of review of a no evidence point is to consider only the evidence favorable to the finding and the judgment rendered thereon and to disregard all evidence to the contrary. *Ray v. Farmers State Bank of Hart*, 576 S.W.2d 607 (Tex.1979).

■ Bill G. Little, Senior Vice President and Cashier of Commercial National Bank testified that he had been in the banking business for thirty-one years; that as cashier of the bank the transaction in question was under his supervision; that the bank set certain procedures and policies to follow; that Stanfield was a depositor of the bank; that the endorsement of the payee of a two-party check was not customarily verified when presented by a depositor of the bank for deposit; that Commercial National Bank was acting as a collecting bank in this transaction; that he had personally investigated this matter after it was brought to his attention; that he had not found any involvement by an employee of the bank; that the bank handled many two-party checks; that he found nothing irregular with respect to the checks in question; that the bank had received no notice of any irregularity while the proceeds of the checks were still in Stanfield's account; that there was no visible evidence of forgery or alteration of the checks; that these six checks were handled no differently than any other two party checks would have been handled; that they were handled routinely; and finally that it had been his experience that the policies and procedures of Commercial National Bank were in accordance with reasonable banking standards at the time of the transaction in question. We hold this evidence to be sufficient to support the answer of the jury that Commercial National Bank acted within reasonable commercial standards.

In summary, we conclude that Commercial National Bank was entitled to the defense set forth in section 3.419(c) of the Uniform Commercial Code, and that the evidence was sufficient to support the jury's answer as to the facts of the defense. In light of this holding, Commercial National Bank was relieved of any liability

in the matter; consequently, we need not address Steven-Daniels' other points of error.

The judgment of the trial court is affirmed.