173 P.3d 476

Lucinda MAXFIELD, Plaintiff/Appellant,

v.

Lisa MARTIN; Tonya Ross; Prescott Title, Inc., a Massachusetts corporation, Defendants/Appellees.

Nos. 1 CA–CV 06–0234, 1 CA–CV 06–0326.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 27, 2007.

Gust Rosenfeld, PLC By Scott A. Malm, Melanie G. McBride, Matthew D. Bedwell, Phoenix, Attorneys for Plaintiff/Appellant.

Renaud Cook Drury & Mesaros, PA By Denise J. Wachholz, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

THOMPSON, Judge.

¶ 1 Plaintiff-appellant Lucinda Maxfield (Maxfield) appeals the decision of the trial court granting summary judgment to defendants-appellees Prescott Title, Inc. and its employees Lisa Martin and Tonya Ross (collectively Prescott Title). The trial court concluded that Prescott Title, which handled the escrow in a fraudulent loan transaction secured by a deed of trust on Maxfield's property without her knowledge, owed no fiduciary duty to Maxfield. The court also denied a motion to amend to add a claim of negligence on the ground that Prescott Title owed Maxfield no duty of care. For the following reasons, we reverse the trial court's ruling that no fiduciary duty existed.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Lucinda Maxfield was the owner of a parcel of property in Scottsdale, Arizona. On or about August 20, 2004, a deed of trust was executed against that property in favor of CSI Mortgage Corporation to secure a loan of $215,000. Prescott Title was responsible for the escrow in the transaction.

¶ 3 CSI Mortgage issued the escrow instructions to Prescott Title. The escrow instructions referred to Lucinda Maxfield in its heading. Prescott Title did not obtain Maxfield's signature on the deed of trust. CSI Mortgage had obtained the signature and forwarded it to Prescott Title for recording. Prescott Title knew that the loan documents had not been signed at or verified by CSI Mortgage, but had instead been given to a third person who had obtained the signature and returned them to CSI Mortgage.

¶ 4 Two checks totaling $200,000 were made out to Lucinda Maxfield. On September 1, 2004, a man who identified himself as Maxfield's lawyer and a woman wearing a wig and sunglasses identified as Maxfield went to Prescott Title. CSI Mortgage called Prescott Title several times that day inquiring about the physical appearance of the woman. After the woman signed a HUD statement, Prescott Title gave her and the man one of the checks in the amount of $170,000. The woman was silent during the transaction, appeared anxious, and quickly left the office. When the check could not be cashed, the man instructed Prescott Title to wire the $170,000 to a bank account in the name of Maxfield. The remaining $30,000 was picked up by another woman from the offices of CSI Mortgage. Maxfield did not receive any of the funds.

¶ 5 After the lender noticed a trustee's sale of Maxfield's property, Maxfield filed this action in superior court against numerous defendants, including CSI Mortgage, Prescott Title, and various individuals she claimed had perpetrated a fraud to obtain money using her property as collateral. Her third amended complaint asserted that she had not participated in obtaining the loan, that she had not executed the deed of trust, and that the signature on the deed of trust was forged. As to Prescott Title, the complaint alleged:

> 85. As the escrow agent for the Lucinda Maxfield transaction, Prescott Title, Lisa Martin and Tonya Ross owed a fiduciary duty to Lucinda Maxfield.

> 86. Prescott Title, Lisa Martin and Tonya Ross breached their fiduciary duty to Maxfield by failing to inform her about the fraudulently obtained Deed of Trust and Loan.

¶ 6 Prescott Title filed a motion for summary judgment on the grounds that, as a matter of law, it owed no fiduciary duty to Maxfield because, according to her, she had not been a party to the transaction.

¶ 7 Maxfield responded that, as the purported borrower in the transaction and the party whose property interest was being transferred to the lender, Maxfield was Prescott Title's client and therefore a party to the transaction. She further argued that she was a third-party beneficiary of the escrow instructions.

¶ 8 The trial court granted Prescott Title's motion for summary judgment. The court noted that, in Arizona, the fiduciary duty of an escrow agent is contractual. The court explained:

> The difficulty with Plaintiff's argument is that, as she herself alleges, she was not

a party to the escrow or to the transactions leading up to it. The Deed of Trust, she asserts, was a forgery made without her knowledge or consent. Thus, the parties to the escrow were CSI and the woman impersonating Plaintiff. There was no agreement between CSI and the imposter that Plaintiff would receive the proceeds from the "sale," so Prescott Title breached no duty to her as a third-party beneficiary. The court found that Prescott Title owed no duty to Maxfield.

¶ 9 Maxfield filed a motion to amend her complaint to add a claim of negligence against Prescott Title. The court denied the motion on the grounds that it had already found that Prescott Title owed no duty to Maxfield. Maxfield filed a motion to reconsider the denial of the motion to amend. The court denied that motion, stating:

> Plaintiff's argument is based on a false premise. Prescott Title did not release *her* money to anyone, for the simple reason that, according to her Complaint, she never authorized the Deed of Trust purporting to transfer her property rights that Prescott Title received in return. This is not the classic identity theft situation, found, for instance, in *Ickes v. Bache Halsey Stuart Shields, Inc.*, 133 Ariz. 300, 650 P.2d 1282 (App.1982), in which the defendant allowed the victim's property to be taken by an imposter. Assuming the correctness of Plaintiff's version, the deed forged by the imposter is a nullity. It cannot convey any property rights to Prescott Title, First Trust, or anyone else. It is a worthless piece of paper. By the same token, the money Prescott Title gave in return for it is not hers. Neither did Prescott Title ever agree to act on Plaintiff's behalf. By Plaintiff's own account, she never had any contact at all with Prescott Title. Its relationship was with the imposter. There is no basis in Arizona law for the proposition that a business dealing with a person using a false name owes a duty to the true possessor of the name, absent some relationship with the true possessor.

¶ 10 The court entered judgment in favor of Prescott Title. Maxfield filed a notice of appeal. The court subsequently entered a signed order denying the motion to amend from which Maxfield filed a second timely notice of appeal. This court consolidated the two appeals. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) § 12–2101(B) (2003).

## DISCUSSION

¶ 11 Summary judgment may be granted when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c). In reviewing a superior court decision granting a motion for summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law. *Eller Media Co. v. City of Tucson*, 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App.2000). We view the facts and the inferences drawn from those facts in the light most favorable to the party against whom judgment was entered. *Prince v. City of Apache Junction*, 185 Ariz. 43, 45, 912 P.2d 47, 49 (App.1996).

¶ 12 An escrow agent has a fiduciary relationship of trust and confidence to the parties to the escrow. *Maganas v. Northroup*, 135 Ariz. 573, 576, 663 P.2d 565, 568 (1983). As such he must perform his responsibilities with "scrupulous honesty, skill, and diligence." *Berry v. McLeod*, 124 Ariz. 346, 351, 604 P.2d 610, 615 (1979) (citations omitted). The escrow relationship gives rise to two specific fiduciary duties to the principals: to comply strictly with the terms of the escrow agreement and to disclose facts that a reasonable escrow agent would perceive as evidence of fraud being committed on a party to the escrow. *Burkons v. Ticor Title Ins. Co. of California*, 168 Ariz. 345, 353, 813 P.2d 710, 718 (1991); *Maganas*, 135 Ariz. at 576, 663 P.2d at 569; *Berry*, 124 Ariz. at 352, 604 P.2d at 616. The existence of a fiduciary duty is a question of law we review de novo. *Gerow v. Covill*, 192 Ariz. 9, 17, ¶ 37, 960 P.2d 55, 63 (App.1998).

¶ 13 Maxfield alleged that Prescott Title breached its fiduciary duty to her by failing to inform her about the fraudulently obtained loan and deed of trust. Maxfield

contends that because the escrow instructions identified Lucinda L. Maxfield as a party, the escrow was intended to include her as a party entitled to the protection of fiduciary duties. We agree.

¶ 14 Prescott Title undertook to provide escrow services for the transaction involving the party Prescott Title believed to be Lucinda Maxfield, even though Maxfield herself was an involuntary party to the transaction. Although Prescott Title had no contact with Maxfield, it undeniably believed it had a relationship with her based on her name being used as one of the parties to the escrow. Moreover, Prescott Title recorded a deed of trust against property owned by Maxfield. Prescott Title's own actions in recording the deed of trust held the potential for direct harm to Maxfield and as part of its duty of diligence it should have confirmed her identity. The duty of an escrow agent to act with "scrupulous honesty, skill, and diligence," *Berry*, 124 Ariz. at 351, 604 P.2d at 615, includes the duty of taking reasonable efforts to ascertain the identity of the named parties to the transaction.

¶ 15 Maxfield also argues that the trial court abused its discretion in denying her motion to amend her complaint to assert a claim for negligence. Having found a fiduciary duty, we need not address this issue.

¶ 16 Maxfield has requested an award of fees on appeal pursuant to A.R.S. § 12–341.01(A) (2003), which permits a court, in its discretion, to award attorneys' fees to the successful party in a contested action arising out of a contract. As the case is not yet concluded, we decline to award fees at this time.

## CONCLUSION

¶ 17 The trial court's summary judgment finding that Prescott Title did not owe a fiduciary duty to Maxfield is reversed.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and DANIEL A. BARKER, Judge.