**Richard VAN LUNEN d/b/a Livestock Placement Service, Plaintiff,**

v.

**STATE CENTRAL SAVINGS BANK OF KEOKUK, IOWA, By Change of Name, State Central Bank of Keokuk, Iowa, Defendant.**

Civ. No. 90–163–A.

United States District Court, S.D. Iowa, C.D.

June 29, 1990.

Thomas P. Schlapkohl, Des Moines, Iowa, for plaintiff.

Charles O. Frazier, Keokuk, Iowa, for defendant.

## MEMORANDUM OPINION AND ORDER

CELESTE F. BREMER, United States Magistrate.

Plaintiff, Richard Van Lunen d/b/a/ Livestock Placement Service, is a sole proprietorship and a citizen of Maryland doing business in Iowa. He filed this complaint on April 18, 1988, against the defendant, State Central Bank of Keokuk, Iowa, an Iowa corporation with its principal place of business in Iowa. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $10,-000.00; subject matter jurisdiction exists under 28 U.S.C. § 1332. The parties filed a consent to proceed before the undersigned U.S. Magistrate pursuant to 28 U.S.C. § 636(c) on April 17, 1990, and the case was referred that same date.

The complaint alleges that the defendant wrongfully converted a check in the amount of $10,982.16 made payable to "Stockport Farm Supplies" and "L.PS". Plaintiff asserts statutory conversion and common law negligence against the defendant. In its answer, defendant denies that the check was made payable to the two parties and asserts laches as an affirmative defense. Trial was held in Des Moines, Iowa on May 17, 1990. Plaintiff was represented by Thomas P. Schlapkohl and defendant was represented by Charles O. Frazier. This matter is considered fully submitted.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant operates a small branch office in Stockport, Iowa, which is staffed by a branch manager and three support personnel. In July, 1986, the Stockport branch

served approximately 40 customers and processed between 250 and 300 checks per day. Roy Woodruff, then manager of the Stockport branch, was familiar with Stockport Farm Supply and its owner, Phil Davis. The defendant's employees knew Phil Davis only as a customer who personally came into the branch or sent his secretary in on a regular basis for Stockport Farm Supply. Between February 1985 and July 1986, Stockport Farm Supply was overdrawn with the defendant bank a total of thirty-four times.

The controversy in this lawsuit centers on a check drawn on the account of the Heinhold Hog Market made payable to "Stockport Farm Supply" on the first payee line and "L.PS" on the second payee line. On July 29, 1986, Stockport Farm Supply deposited the check into its business account at the Stockport branch of defendant's bank with the endorsement "For Deposit Only, Stockport Farm Supply," rubber-stamped on the back. Though no one at the defendant's branch recalls processing the Heinhold check, one of the employees would have handled this transaction. None specifically remembered handling the Stockport Farm Supply account with any closer scrutiny because of the difficulty with overdrafts that it was having nor did anyone ask what "L.PS" on this check stood for. Stockport Farm Supply occasionally deposited checks with defendant from Livestock Placement Services (LPS) and used these initials on its deposit slips.

Plaintiff claims that the check is a two-party check, and as such only negotiable with the endorsements of both Stockport Farm Supply and Livestock Placement Services (LPS), in this case "L.PS". Defendant claims that the check is a one-party check negotiable by Stockport Farm Supply alone and that "L.PS" is surplusage. Defendant argues that the initials "L.PS" were meaningless to the bank, and gave no notice of Heinhold's intent to draft a two-party check.

This issue is governed by the Uniform Commercial Code as enacted in Chapter 554 of the Code of Iowa. Specifically, Iowa Code § 554.3116 provides:

Instruments payable to two or more persons.

An instrument payable to the order of two or more persons

a. if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;

b. if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.

Iowa Code § 554.3116 (1985).

Plaintiff claims that by negotiating the check with only one endorsement, defendant is liable for conversion. "An instrument is converted when it is paid on a forged endorsement." Iowa Code § 554.3419(1)(c) (1985). Numerous courts and commentators have noted that "payment over a missing indorsement is conversion, and is treated like payment over a forged indorsement." 1 J. White & R. Summers, *Uniform Commercial Code* § 15–5 n. 12. (3d ed. 1988).

Plaintiff claims that because the check's format provided two separate and distinct payee lines, the connector "and" was not necessary to make this a two party check. Additionally, plaintiff claims that there is no basis to argue that the check was payable "in the alternative" since no connector such as a comma or the word "or" appears on either payee line. Therefore, under § 554.3116(b) the check was "not in the alternative" and could be negotiated only by both Stockport Farm Supply and LPS. *See Peoples National Bank v. American Fire Insurance Co.*, 39 Md.App. 614, 386 A.2d 1254 (1978). To determine whether an instrument is a one or two party check, the "absence of 'and' or 'or' is not controlling." *Id.* 386 A.2d at 1256. "Since the check was not payable in the alternative, then it could not have been negotiated by less than all the payees." *Id.* 386 A.2d at 1257.

Defendant argues that the check does not meet the requirements of a two party check and therefore, only one endorsement is required. It claims that the line below the first payee line is for an address, and

not to designate a second payee. Defendant relies on *Swiss Baco Skyline Logging, Inc. v. Haliewicz*, 18 Wash.App. 21, 567 P.2d 1141 (1977). In that case, plaintiff contended that the "designation 'Emil Haliewicz, Swiss Baco Skyline Logging, Inc.' [constituted] joint payee language under" Washington's version of UCC § 3–116. *Haliewicz*, 18 Wash.App. at 28, 567 P.2d at 1147. The court held that "[t]he comma which separates the two parties introduces a patent ambiguity onto the face of the instrument." *Id.* In holding for the defendant, the court found that "the parties responsible for this language intended the instrument to be payable to Haliewicz *unconditionally.* We deem their intent controlling as to the proper interpretation to be placed upon this ambiguous payee designation." *Id.* (emphasis in the original).

■ To argue that the intent of the parties controls the payee designation ignores the plain meaning of the statute. An "instrument is payable to the order of two or more persons ... *if not in the alternative* is payable to all of them and may be negotiated ... only by all of them." Iowa Code § 554.3116(b) (1985) (emphasis added). Since the Heinhold check was made payable to the order of "Stockport Farm Supply" on the first payee line and "L.PS" on a second and distinct payee line, the court finds that it is not payable in the alternative and could be negotiated only by obtaining endorsements from both Stockport and plaintiff. Even looking to the intent of the parties under the *Swiss Baco* analysis, one must conclude that this is a two-party check.

■ However, before defendant can be found liable for conversion under the UCC framework, the court must determine whether the bank acted in accordance with reasonable commercial standards.

Subject to the provisions of this chapter concerning restrictive endorsements a representative, including a depository or collecting bank, who has in good faith and in accordance with reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not its true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in that representative's hands.

Iowa Code § 554.3419(3) (1985). This section of the UCC governs plaintiff's claim for conversion. The determination of whether a bank acted in accordance with reasonable commercial standards is a question of fact to be decided by the particular circumstances in each case. *See* B. Clark, *The Law of Bank Deposits, Collections and Credit Cards* ¶ 8.04[5][b][iv] (3d ed. 1990), *see also* H. Bailey, *Brady on Bank Checks* ¶ 27.4 et seq. (6th ed. 1987).

■ None of defendant's employees who would have handled the deposit of the Heinhold check were acquainted with Stockport Farm Supply other than recognizing that it was a customer of the bank. Stockport Farm Supply overdrew its account thirty-four times in the eighteen months prior to this transaction. None of the defendant's personnel recognized that "L.PS" is a company name nor did any ask what "L.PS" written on the second payee line meant. Additionally, on the first payee line of the check the word "Phil" was crossed out and Stockport Farm Supply was written extending past the printed line.

Defendant's employees did not conform to reasonable commercial standards within the banking industry when they failed to inquire about the patent ambiguities on the face of the check. This, coupled with Stockport Farm Supply's overdraft history should have alerted defendant's employees to scrutinize any significant activity in the account. This court concludes by a preponderance of the evidence, that the defendant violated reasonable commercial standards within the banking industry in the negotiation of the Heinhold check and that a claim for conversion under the Uniform Commercial Code is not barred by Iowa Code § 554.3419(3) (1985).

Defendant's assertion that the designation of the payees was at best ambiguous did not relieve them from their duty to act in a commercially reasonable manner when

the check was presented. Indeed, since there was an arguably ambiguous payee designation, it was the duty of defendant's employees who handled the transaction to ask either the depositor or the branch manager questions in order to clarify any ambiguities before negotiating the check. Since the defendant did not question the ambiguity on the face of the check, it did not act in a commercially reasonable manner. Therefore, defendant is not entitled to the protection of Iowa Code § 554.3419(3) (1985). *See Hydroflo Corp. v. First National Bank of Omaha,* 217 Neb. 20, 28–32, 349 N.W.2d 615, 620–21 (1984).

Defendant's affirmative defense of laches is inapplicable to the facts of this case. Laches is an equitable defense intended to dispose of stale or ancient claims. Plaintiff's claim was brought within the statute of limitations.

This court finds that the check for $10,982.16 drawn on the Heinhold Hog Market account was a two party check and that defendant converted it when it accepted it for deposit with only one endorsement. Additionally, the court finds that the defendant did not act in a commercially reasonable manner when negotiating the check and that this failure was a proximate cause of plaintiff's loss. Therefore, the clerk shall enter judgment in favor of the plaintiff for $10,982.16 plus prejudgment interest at ten percent from July 29, 1986, Iowa Code § 554.3122 (1985), and interest on the judgment from the date it is entered at the rate provided by 26 U.S.C. § 6621. The costs of this action are to be assessed against the defendant.

IT IS SO ORDERED.