## PEOPLES NATIONAL BANK OF MARYLAND
### *v.* AMERICAN FIDELITY FIRE INSURANCE COMPANY

[No. 1214, September Term, 1977.]

*Decided June 13, 1978.*

The cause was argued before GILBERT, C. J., and MORTON and MOORE, JJ.

*Thomas B. Yewell* for appellant.

*T. Roger Harrison,* with whom were *Herbert H. Hubbard, Steven K. Fedder* and *Weinberg & Green* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

This is an appeal from an Order of the Circuit Court for Prince George's County (Ernest A. Loveless, J.) granting summary judgment in favor of the plaintiff, American Fidelity Fire Insurance Company, and awarding damages

against the defendant, Peoples National Bank of Maryland, for wrongful payment to a single indorser on a check made payable to joint payees. We are in agreement with the ruling of the lower court that a cause of action in conversion was stated under Md. Com. Law Code Ann. § 3-419 (1975),[1] and we adopt the opinion of Judge Loveless as set forth below:

"Plaintiff, American Fidelity Fire Insurance Company (hereafter, American Fidelity), brought this action in conversion against the defendant, Peoples National Bank of Maryland. Both parties have moved for summary judgment. The facts are not in dispute.

"The plaintiff was surety on a payment bond for work to be performed by Floors, Inc. for the United States of America. Floors, Inc. was bound contractually to furnish and install stairway landings and treads for Federal Building No. 2 in Arlington, Virginia. A subcontractor, American Mason Safety Tread Co., Inc., furnished the landings and treads to Floors, Inc., demanded payment of $44,200 from Floors, Inc., but was not paid. The subcontractor then demanded payment from American Fidelity. American Fidelity paid the $44,200 from its own funds and then arranged for payment to be made directly from the United States of America to itself and Floors, Inc., to permit deduction of the sum of $44,200. The United States of America issued a check of the United States Treasury drawn on the General Services Administration in the amount of forty-nine thousand

---

1. The definitional language of § 3-419 is as follows:

(1) An instrument is converted when:

(a) A drawee to whom it is delivered for acceptance refuses to return it on demand; or
(b) Any person to whom it is delivered for payment refuses on demand either to pay or to return it; or
(c) *It is paid on a forged indorsement.* (Emphasis added.)

three hundred fourteen dollars and forty-seven cents ($49,314.47) payable as follows:

'Floors, Inc.
American Fidelity Fire
Insurance Company
8400 Truck Way
Capitol Heights, Md. 20037.'

"Floors, Inc. indorsed the check by way of a rubber stamped indorsement as follows:

'For Deposit Only
Floors, Inc.'

"On January 6, 1976, the defendant, Peoples National Bank of Maryland, accepted for deposit the check in question. The only indorsement which appeared on the check was the rubber stamped indorsement of Floors, Inc. The defendant did not obtain the indorsement of American Fidelity Fire Insurance Company. The defendant credited the amount of the check to the account of Floors, Inc. This action was taken without the knowledge of the plaintiff. A significant portion of the funds deposited was withdrawn within a week. Plaintiff was required to pay the subcontractor under the terms of its surety agreement, and upon default of Floors, Inc. was required to arrange for completion of the contract.

"Following acceptance of the check by Peoples National Bank, the check was forwarded to the Federal Reserve Bank of Baltimore City, which gave credit to Peoples National Bank, and the Federal Reserve then forwarded the check to the United States Treasury, which credited the Federal Reserve.

"Plaintiff, American Fidelity, argues that, since the defendant bank credited the entire proceeds of the check to one of two jointly-named payees without knowledge of or indorsement by the other payee, it

exercised dominion over the check which amounted to conversion. Reliance is placed upon Md. Com. Law Code Ann. § 3-116 (1975), which provides as follows:

'An instrument payable to the order of two or more persons

(a) If in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;

(b) If not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.'

In plaintiff's view, since the two payees were listed on the check without any indication on the face of the check that it was payable in the alternative, the instrument could not be negotiated by only one of the payees.

"In addition to the statute, plaintiff relies on a California case, *Feldman Construction Co. v. Union Bank,* 104 Cal. Rptr. 912 (1972). In that case the check in question was drawn:

'Interstate Steel Corp.
General Pipe and Supply.'

The California court found that the bank was negligent in paying on the check which was only indorsed by one of the payees. The court wrote, 'the absence of "and" or "or" is not controlling.' 104 Cal. Rptr. at 913.

"The defendant, Peoples National Bank, contends on the other hand that the decisive issue in determining whether a check is payable in the alternative is the drawer's intent. The thrust of defendant's argument is that since the United States Treasury eventually honored the check, which was payable to two payees but only indorsed by one, this is evidence of an intent to pay in the alternative.

Defendant also cites *Feldman Construction Co. v. Union Bank, supra,* in support of its argument. The check in the *Feldman* case carried the following notation on the back:

> 'Endorsement of this check acknowledges payment as of this date all material and labor at A.I.C. Bldg. 8060 Florence Ave. Downey, Calif.'

In response to this fact, the court wrote:

> 'Although direct evidence was not taken below concerning ordinary business practices in the building industry, the notation on the check itself provides evidence of the drawer's intent to pay two parties jointly . . . ; he was discharging a debt owed to the subcontractor while protecting the company against the lien of an unpaid materialman.' 104 Cal. Rptr. at 913 (Citations omitted.)

"This Court cannot agree with defendant's argument. While the fact that the United States Treasury eventually paid the item in spite of the missing indorsement may reflect on the intention of the drawer at the time the check was drawn, we do not find this evidence to be conclusive. As previously stated, Md. Com. Law Code Ann. § 3-116 (1975) clearly provides that a check 'payable to the order of two or more persons . . . *[i]f not in the alternative* . . . may be negotiated, discharged or enforced only by all of them.' (Emphasis added.) Since the check was not payable in the alternative, then it could not have been negotiated by less than all the payees. The fact that the defendant bank was unaware of the 'joint pay' agreement between the United States and the plaintiff does not change the result.

"A payment upon a missing indorsement is equivalent to a payment over a forged indorsement.

*Federal Deposit Insurance Corp. v. Marine National Bank,* 431 F. 2d 341 (5th Cir. 1970). An instrument is converted when paid on a forged indorsement. Md. Com. Law Code Ann. § 3-419 (1) (c) (1975). Since the bank paid the amount of the check with a missing indorsement, it converted the check. [2]

\* \* \*

"The Court concludes that the defendant, Peoples National Bank of Maryland, is liable to plaintiff, American Fidelity Fire Insurance Company, for the face amount of the check."

> *Order affirmed; appellant to pay costs.*

---

**2.** *See* 2 Anderson, *Uniform Commercial Code* § 3-419: 4(d) (1971, 1977 Cum. Supp.); 2 *Bender's Uniform Commercial Code Service* § 12.38, n. 3a (Hart and Willier ed. 1978 Cum. Supp.) ["Where a bank wrongfully appropriates a draft without a necessary indorsement the situation is analogous to payment on a forged instrument, which is a conversion under Section 3-419(1)(c)."] *See also* Berkheimer's Inc. v. Citizens Valley Bank, 529 P. 2d 903 (Ore. 1974) (Common law conversion remedy applies where bank pays check on missing indorsement.)