opinion of the court
Gerard D’Emilio, J.
The defendants, Citibank and National Bank of North America, move for summary judgment dismissing the complaint of Brown Strober Building Supply Corp. and the cross claim of defendant Living House, Inc.
In September of 1979, Living House, Inc., drew a check for $3,562.77 on its account with Citibank payable to “Brown Strober/Moon Raker Construction”. Moon Raker Construction, Inc., deposited this check in its account with National Bank of North America without the indorsement of Brown Strober. National Bank of North America presented this check to the payor bank, Citibank, and collected on the instrument. (See Uniform Commercial Code, art 4.)
The central issue before the court is whether an instrument where the payees are “Brown Strober/Moon Raker Construction” is drawn in the alternative. According to section 3-116 of the Uniform Commercial Code: “An in *295 strument payable to the order of two or more persons, (a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it; (b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.”
The case law in New York is clear that if an instrument is payable to either “A or B” or “A and/or B”, it is payable in the alternative (Glens Falls Ind. Co. v Chase Nat. Bank of City of N.Y., 257 NY 441; Official Comment, Uniform Commercial Code, § 3-116).
Although the New York courts are silent on the issue, the Federal courts have addressed the problem. In Dynalectron Corp. v Union First Nat. Bank (488 F Supp 868), a check payable to “Schrader, Inc./Dynacom” was negotiated without Dynacom’s indorsement but with Schrader’s indorsement. The Federal District Court held that the check was drawn in the alternative and the defendant bank was not liable to plaintiff Dynalectron for accepting the check with the signature of only one payee.
“Whether the checks in the instant case are payable in the alternative or payable jointly turns on the meaning of the symbol ’/’, known as a virgule. The virgule is normally used to separate alternatives. Thus, a bank exercising reasonable care and acting in good faith would necessarily interpret a check drawn to two payees whose names are separated by a virgule as being drawn payable to the payees in the alternative.” (Dynalectron, supra, p 869; see Ryland Group v Gwinnett County Bank, 151 Ga App 148.)
This court agrees with the reasoning of the Federal court in Dynalectron Corp. v Union First Nat. Bank (supra).
Summary judgment is granted for defendants, Citibank, N. A. and National Bank of North America.