L. B. SMITH, INC., Respondent, v BANKERS TRUST COMPANY OF WESTERN NEW YORK, Appellant, et al., Defendants.

Fourth Department, May 27, 1981

APPEARANCES OF COUNSEL

*Mousaw, Vigdor, Reeves, Heilbronner & Kroll (Robert J. Pearl* of counsel), for appellant.

*Harter, Secrest & Emery (Fred G. Aten* of counsel), for respondent.

OPINION OF THE COURT

HANCOCK, JR., J.

Under the Uniform Commercial Code, a check payable to "A or B" may be negotiated upon the proper indorsement of either payee. A check payable to "A and B" requires the indorsement of both (Uniform Commercial Code, § 3-116[1]; see Pierce, Practice Commentary, McKinney's Cons Laws of NY, Book 62½, Uniform Commercial Code, § 3-116, p 77).

---

1. "§ 3-116. Instruments Payable to Two or More Persons
"An instrument payable to the order of two or more persons

"(a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;

"(b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."

The narrow question we face (not heretofore decided by an appellate court in New York) is whether a check to the order of two payees whose names are separated by the symbol (/), a slash or diagonal line, known as a virgule,[2] is an alternative direction to pay either or a direction to pay both jointly. Simply put: does a check payable to "A/B" require the indorsement of both payees for negotiation or of only one?

The case arises from a check in the amount of $50,000 deposited in defendant Bankers Trust Company of Western New York (Bankers) on September 22, 1978 by one Charles F. Reilly, an employee of plaintiff, L. B. Smith, Inc., to the credit of Inland Erectors of New York State (Inland Erectors) in a checking account which had been opened and maintained by Mr. Reilly in Bankers in the name of Inland Erectors. The check, drawn by Vitale Bros. Contractors, Inc., on the Genesee Valley National Bank, was payable to "L. B. Smith/Inland Erectors of New York State" and, when presented by Mr. Reilly for deposit, bore what appeared to be indorsements of both payees. Mr. Reilly, it is alleged, had obtained the check as part of a complex scheme to defraud his employer by selling off its heavy equipment, and plaintiff asserts that Mr. Reilly's purported indorsement on its behalf was unauthorized and a nullity under section 3-404 of the Uniform Commercial Code. Interpreting the (/) to mean "and" and not "or", plaintiff has brought suit against Bankers for accepting the check for deposit in the account of Inland Erectors with only one valid indorsement instead of the two plaintiff claims are required under section 3-116 of the Uniform Commercial Code. Special Term rejected Bankers' counterargument that the (/) was a direction to pay in the alterna-

---

2. "Virgule" is defined as follows:

"[A] short diagonal line (/) placed between two words to indicate that either word can be used in interpreting the statement. Example: and/or; i.e., either 'and' or 'or' (Webster's New Twentieth Century Dictionary of the English Language [2d ed, 1964], Unabridged).

"[A] short oblique stroke (/) between two words indicating that whichever is appropriate may be chosen to complete the sense of the text in which they occur: The defendant and/or his attorney must appear in court" (The Random House Dictionary of the English Language [1967, 1966], Unabridged).

tive and that the single valid indorsement on behalf of Inland Erectors was sufficient; accordingly, it denied Bankers' motion for a dismissal of the complaint as against it (CPLR 3211, subd [a]). We reverse.

We adopt the holding of the United States District Court for the District of Columbia in *Dynalectron Corp. v Union First Nat. Bank* (488 F Supp 868, 869) to the effect that: "The virgule is normally used to separate alternatives. Thus, a bank exercising reasonable care and acting in good faith would necessarily interpret a check drawn to two payees whose names are separated by a virgule as being drawn payable to the payees in the alternative." And that: "A check drawn payable to two payees, A and B, whose names are separated by a virgule is a check payable to the payees in the alternative. Such a check is functionally identical to one drawn payable to two payees in the manner 'A or B'." Our decision gives the virgule its commonly accepted meaning and is consistent not only with *Dynalectron* but with a recent decision by the Court of Appeals of Georgia in *Ryland Group v Gwinnett County Bank* (151 Ga App 148) and with reported cases in lower courts in New York *(Brown Strober Bldg. Supply Corp. v Living House,* 107 Misc 2d 294; *Miron Rapid Mix Concrete Corp. v Bank Hapoalim, B.M.,* 105 Misc 2d 630).

In finding that the symbol (/) means "or", we reject plaintiff's contention that the direction for payment presents an ambiguity permitting proof of a course of dealing between the parties or usage of trade (see 41 NY Jur, Negotiable Instruments, § 60, p 257, stating that: "If reasonably possible, an instrument should be construed so as to present no ambiguity or inconsistency"; *Lessen v Lindsey,* 238 App Div 262, 263; *Miron Rapid Mix Concrete Corp. v Bank Hapoalim, B.M., supra,* p 632). In any event, the plaintiff has presented no evidence establishing a course of dealing or usage of trade (Uniform Commercial Code, § 1-205). Neither the affidavit of an attorney containing a legal opinion as to the effect of the virgule or an affidavit recounting an instance where employees of defendant interpreted the (/) between two payees as requiring two indorsements is of any consequence.

The order should be reversed and the complaint dismissed as to Bankers Trust Company.

SIMONS, J. P., DOERR, DENMAN and SCHNEPP, JJ., concur.

Order unanimously reversed, on the law, with costs, motion granted and complaint dismissed as to defendant Bankers Trust Company of Western New York.