704 F.2d 737
 35 UCC Rep.Serv. 1548
 DYNALECTRON CORPORATION, Appellant,
v.
The EQUITABLE TRUST COMPANY, Appellee.
and
H.A.S. CONSTRUCTION COMPANY, INCORPORATED, Defendant,
v.
SHRADER PROFESSIONAL COMMUNICATIONS, INCORPORATED, and Union
First National Bank of Washington, D.C., Third
Party Defendants.
 No. 81-1288.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 9, 1983.
Decided April 12, 1983.
 
 James P. Sullivan, Rockville, Md. (Christopher J. White, McLean, Va., on brief), for appellant.
 Richard P. Kidwell, Baltimore, Md. (James R. Tyler, Miles & Stockbridge, Baltimore, Md., on brief), for appellee.
 Before HALL and SPROUSE, Circuit Judges, and BRYAN, Senior Circuit Judge.
 ALBERT V. BRYAN, Senior Circuit Judge:
 
 
 1
 The plaintiff, Dynalectron Corporation, appeals the entry of summary judgment for the defendant, Equitable Trust Company, by the Federal Court for the District of Maryland. The Court held that Dynalectron was not entitled to relief in an action for negligence and conversion predicated upon Equitable's payment of three checks.[1] We affirm the judgment of the District Court.
 
 
 2
 In November of 1978, H.A.S. Construction Company contracted with Shrader Professional Communications, Inc. for the performance of electrical work at a hotel in Arlington, Virginia. Shrader then reached an agreement with Dynacom, a subsidiary of Dynalectron, for the installation of audio equipment at the hotel. Shrader informed H.A.S. of this arrangement and requested that H.A.S. make payments by check to "Shrader, Inc./Dynacom."
 
 
 3
 From March until June 1979, three checks drawn by H.A.S. and made payable to "Shrader, Inc./Dynacom," were received by Shrader. Shrader indorsed the checks and deposited them in its account at Union First National Bank of Washington. Union presented the checks to Equitable for payment. Equitable paid the checks without inquiring about the absence of Dynacom's indorsement.
 
 
 4
 When Dynacom failed in its attempts to recover the funds from Shrader, Dynalectron brought suit against Union in the Federal Court for the District of Columbia. Although Dynalectron sued for the full amount of the checks, the Court denied Dynalectron any recovery. Dynalectron Corp. v. Union First National Bank, 488 F.Supp. 868, 869 (D.D.C.1980). This decision was affirmed without opinion by the Federal Court of Appeals for the District of Columbia Circuit in September 1980.
 
 
 5
 Dynalectron filed its complaint in the present action on February 13, 1980, and sought damages from both Equitable and H.A.S. Construction Company. The Court granted summary judgment to Equitable on the grounds that the checks were payable in the alternative. The Court subsequently granted the motion of H.A.S. for summary judgment and that company is not a party to this appeal.
 
 
 6
 Commercial transactions in Maryland are governed by that State's version of the Uniform Commercial Code. Md.Com.Law Secs. 1-101 to 18-401 (1975). In particular, Title 3 of the Code addresses the use and composition of negotiable instruments. Id. Secs. 3-101, 3-103. Under this Title, a check may be a negotiable instrument provided it is signed by the drawer, contains an unconditional order to pay a sum certain in money, is a draft drawn on a bank, and is payable on demand. Id. Sec. 3-104. Any check that qualifies as a negotiable instrument is also an instrument. Id. Sec. 3-102(1)(e). Where a check contains more than one payee, section 3-116 governs:
 
 
 7
 An instrument payable to the order of two or more persons
 
 
 8
 (a) If in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
 
 
 9
 (b) If not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.
 
 
 10
 Id. Sec. 3-116.
 
 
 11
 According to the official comment to this section, instruments made payable to "A or B" or instruments made payable to "A and/or B" are payable in the alternative. Either payee may negotiate the instrument. If a check or other instrument is payable to "A and B," both payees must indorse. In Peoples National Bank v. American Fidelity Fire Insurance Co., 39 Md.App. 614, 386 A.2d 1254 (Md.Ct.Spec.App.1978), the Court held that a check made payable to two payees whose names appeared one above the other, without intervening punctuation or words, was not payable in the alternative.[2] 2] Consequently, the drawee bank's failure to secure the indorsement of the second payee before making payment resulted in conversion. Id. at 1257; Md.Com.Law Sec. 3-419(1)(c).
 
 
 12
 Other jurisdictions have considered situations under the U.C.C. where the names of the payees on an instrument are separated by a virgule ("/"). On the present facts, the Federal District Court for the District of Columbia concluded that the check was payable in the alternative and thus only one indorsement was necessary. Dynalectron, 488 F.Supp. at 869. In reaching its decision, the Court acknowledged that a virgule normally is used to separate alternatives. Id. The Georgia Court of Appeals adopted an identical standard for the function of a virgule in Ryland Group, Inc. v. Gwinnett County Bank, 151 Ga.App. 148, 259 S.E.2d 152, 153 (Ga.App.1979). Here, the Court declared that the symbol connotes the disjunctive or the alternative.[3]
 
 
 13
 In L.B. Smith, Inc. v. Bankers Trust Company of Western New York, 80 A.D.2d 496, 439 N.Y.S.2d 543 (App.Div.1981), the plaintiff argued that a virgule positioned between the names of two payees constituted an ambiguity permitting proof of a course of dealing between the parties. Id. 439 N.Y.S.2d at 545. The Court rejected this assertion and concluded that the check was payable in the alternative. Id.
 
 
 14
 The plaintiff's argument in the present case resembles that discredited by the Court in L.B. Smith, id. In addition, the payee designation employed here differs from that used in Peoples National Bank through the use of the symbol. 386 A.2d at 1257. Therefore, we conclude that the courts of Maryland would reach a result consistent with that reached in other jurisdictions and hold that the check was payable in the alternative.
 
 
 15
 The judgment of the District Court is affirmed.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Jurisdiction in this action was based on diversity of citizenship. The plaintiff, Dynalectron, is a Delaware corporation with its principal place of business in Virginia. The defendant, Equitable, is a Maryland corporation with its principal place of business in that state. Jurisdiction in the earlier case also was based on diversity of citizenship, the defendant was a Washington, D.C. corporation. Dynalectron Corp. v. Union First National Bank, 488 F.Supp. 868, 869 (D.D.C.1980)
 
 
 [2]
 Id. 386 A.2d at 1257. In Peoples, the names of the payees appeared in the following manner:
 "Floors, Inc.
 American Fidelity Fire
 Insurance Company
 8400 Truck Way
 Capitol Heights, Md. 20037"
 
 
 [3]
 Id. The Georgia Court of Appeals relied upon the definition of virgule given by Webster's New International Dictionary, Second Edition, Unabridged (1961): "[I]n modern printing and writing, a short slanting stroke drawn between two words, usually and and or (thus, and/or), and indicating that either may be used by the reader to interpret the sense."