277 N.J. Super. 255 (1994)
649 A.2d 634
JAMES A. KINZIG, PLAINTIFF,
v.
FIRST FIDELITY BANK, N.A., PHILADELPHIA SAVINGS FUND SOCIETY, FIDELITY BANK, N.A., ALNOR CHECK CASHING COMPANY, WALLCOVERING, LTD., W.C.L. DESIGNS, INC., WAYNE DUDLEY, SR., AND JOHN/JANE DOES 1 THROUGH 10, J/S/A, DEFENDANTS.
Superior Court of New Jersey, Law Division Mercer County.
Decided January 20, 1994.
*256 Patrick S. Brennan for plaintiff (Smith & Laquericia, attorneys).
Joshua R. Slavitt for defendants Fidelity Bank and First Fidelity Bank (Klehr, Harrison, Harvey, Branzburg & Ellers, attorneys).
DELEHEY, J.S.C.
This matter is before the court on cross motions for summary judgment filed by plaintiff and defendant banks.
The facts are not disputed. In April, 1991, plaintiff James A. Kinzig and W.C.L. Designs Inc., (W.C.L.) entered into an agreement for the remodeling of plaintiff's kitchen. Pursuant to the request of Wayne Dudley, an employee of W.C.L., plaintiff issued two checks totaling $14,600, made payable to "Wayne Dudley/W.C.L. Designs." The designated payees' names were separated with a slash or diagonal line known as a virgule, represented by this symbol: "/".
The first check, in the amount of $3,060 was indorsed by Dudley in his own name as a payee and also purportedly as an authorized signatory of W.C.L. Designs. He cashed the check at ALNOR Check Cashing Company. ALNOR indorsed the check and deposited it with Pennsylvania Savings Fund Society. Eventually, the drawee bank, defendant First Fidelity, paid the check from plaintiff's account.
The second check in the amount of $11,540, was indorsed in the same way by Dudley and cashed at the Chester, Pennsylvania, office of defendant Fidelity Bank. Fidelity Bank indorsed the check, which was later presented to First Fidelity Bank. First Fidelity paid the check from plaintiff's account. On May 24, 1991, plaintiff learned that Dudley had absconded with the proceeds of both checks.
The court must decide the meaning of the virgule when used by a drawer to separate two payees' names on a check. This case appears to be one of first impression in New Jersey.
*257 Plaintiff advances three claims. First, he insists that the virgule connotes payment in the conjunctive. Second, he asserts a breach of contract claim against defendant banks which, he alleges, charged his checking account over forged indorsements. Third, he contends that defendant banks are liable to him for conversion because they improperly accepted the checks from Dudley and debited plaintiff's account. Defendant banks assert that the virgule requires only one of the payees' signatures, and that Dudley's indorsement alone made the checks properly payable.

Choice of Law
First Fidelity Bank and Fidelity Bank, insofar as these transactions are concerned, conducted business in different states  New Jersey and Pennsylvania. The Uniform Commercial Code § 4-102 (N.J.S.A. 12A:4-102), 13 Pa. Cons. Stat. Ann. § 4102(b) provides:
The liability of a bank for action or non-action with respect to any item handled by it for purposes of presentment, payment or collection is governed by the law of the place where the bank is located. In the case of action or non-action by or at a branch or separate office of a bank, its liability is governed by the law of the place where the branch or separate office is located.
First Fidelity Bank, where plaintiff's account was debited, is in New Jersey. In disputes between the drawer (the individual drawing down his account) and the drawee bank, the law of the state where the drawee bank is situated applies. Perini Corp. v. First National Bank of Habersham County, 553 F.2d 398, 416 n. 5 (5th Cir.) rehearing denied en banc, 557 F.2d 823 (5th Cir.1977); Girard Bank v. Mount Holly State Bank, 474 F. Supp. 1225, 1237 (D.N.J. 1979). Thus, the obligations of First Fidelity are governed by New Jersey law.
Fidelity Bank, which accepted one of the checks from Dudley, is located in Chester, Pennsylvania. Its obligations are governed by Pennsylvania law.

*258 The Virgule

What does the virgule signify? This court concludes that use of a virgule permits payment to either of the payees listed on a check, and proper payment requires the indorsement of only one of the payees.
U.C.C. § 3-116 (N.J.S.A. 12A:3-116, 13 Pa. Cons. Stat. Ann. § 3116) provides:
An instrument payable to the order of two or more persons
(a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
(b) if not in the alternative is payable to all of them and may be negotiated, discharged or indorsed only by all of them.
Although U.C.C. § 3-116 provides the framework for resolving alternative and joint payee questions, it does not specifically resolve the issue presented here. Absent definitive language in the Uniform Commercial Code,[1] this court looks to the law of other jurisdictions, since New Jersey and Pennsylvania courts have not previously addressed the meaning of the virgule.
In Dynalectron Corp. v. Equitable Trust Co., 704 F.2d 737, 739 (4th Cir.1983), the Fourth Circuit held that the virgule allows payment to either of the payees. The payees' names in Dynalectron were written on a check in this fashion: "Schrader, Inc./Dynacom." The court applied U.C.C. § 3-116 and ruled that Schrader's indorsement alone created a properly payable negotiable instrument, barring any claim for damages against the drawee bank.
The trial court in Dynalectron, affirmed on appeal, had held that:
[T]he virgule is normally used to separate alternatives. Thus, a bank exercising reasonable care and acting in good faith would necessarily interpret a check drawn *259 to two payees whose names are separated by a virgule as being drawn payable to the payees in the alternative. See [Thompson v. The State] Ryland Group, Inc. v. Gwinnett County Bank, 151 Ga. App. 128, 258 S.E.2d 776 (1979). The bank has no duty to inquire concerning the intent of the drawer of the check. In short, the depository bank fulfilled its duty of reasonable care and good faith in the manner in which it handled the checks at issue. A check drawn payable to two payees, A and B, whose names are separated by a virgule is a check payable to the payees in the alternative. Such a check is functionally identical to one drawn payable to two payees in the manner "A or B." [Dynalectron Corp. v. Union First National Bank, 488 F. Supp. 868, 869 (D.D.C. 1980), aff'd sub. nom. Dynalectron Corp. v. Equitable Trust Co., 704 F.2d 737 (4th Cir.1983)].
In L.B. Smith, Inc. v. Bankers Trust Co., 80 A.D.2d 496, 439 N.Y.S.2d 543 (Sup.Ct. 1981), aff'd. 449 N.Y.S.2d 192, 434 N.E.2d 261 case no. 3 (N.Y. 1982), a check in the names of two payees separated by a virgule contained two indorsements, one valid, one unauthorized. The check was made payable to "L.B. Smith/Inland Erectors." Reilly, an employee of L.B. Smith, was authorized to indorse checks of L.B. Smith but not those of Inland/Erectors. He nonetheless indorsed the check in the names of both payees, purportedly as an authorized signatory of each. The L.B. Smith court concluded that the virgule is synonymous with the word "or"; in other words, the virgule indicates a direction for payment in the alternative.[2] The court found the check properly payable with one valid indorsement, notwithstanding that the other indorsement was unauthorized.
Here, Dudley was a named payee on plaintiff's check; Dudley's name was separated from that of W.C.L. Designs by a virgule; Dudley indorsed the check in his own name. The facts are absolutely consistent with Dynalectron. The virgule means that a single payee's indorsement makes the check properly payable. See, Brown Strober Bldg. Supply Corp. v. Living House, 107 Misc.2d 294, 433 N.Y.S.2d 724 (Dist.Ct. 1980).
*260 Finally, plaintiff alleges that Dudley's own signature, constitutes a forged indorsement. Not so. A forged indorsement occurs when A takes a check made payable to B, and indorses the check in B's name, then wrongfully receives the proceeds of the check. Simply put, A diverts the payment to himself that was intended for B, the named recipient. See, Perini Corp. v. First National Bank of Habersham County, 553 F.2d 398, 403-404 (5th Cir.), rehearing den. en banc, 557 F.2d 823 (5th Cir.1977). Here, Dudley indorsed checks made payable to him in his own name. In that respect there is no forgery. The court therefore concludes that Dudley's indorsement alone, notwithstanding the forgery with respect to W.C.L. Designs, made the checks properly collectible and payable by defendant banks.
It is unfortunate that plaintiff encountered Dudley. However, Dudley's chicanery does not alter the fact that one check was properly collected by Fidelity Bank and both checks were properly paid by First Fidelity Bank. On the arguments presented, defendants are granted summary judgment.
NOTES
[1] 13 Pa. Cons. Stat. Ann. § 3110(d), effective July 9, 1993, provides, in part: "If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to persons alternatively." That statute post-dates the subject events, which occurred in April, 1991.
[2] The court found that the symbol "/" permits payment on one indorsement, thereby rejecting L.B. Smith's contention that proof of a course of dealing or usage of trade should be permitted to divine the meaning of the virgule. Here, because this court agrees that the virgule means "or," plaintiff's separately filed discovery motion relating to defendants' customs, habits, practices and courses of dealing has also been denied.