PURINA MILLS, INC v SECURITY BANK & TRUST

HARMON v BAUERS

Docket Nos. 163179, 166948. Submitted December 5, 1995, at Detroit. Decided February 20, 1996, at 9:20 A.M.

Purina Mills, Inc., brought an action in the Washtenaw Circuit Court against Security Bank & Trust, alleging conversion as a result of the defendant drawee bank's payment of checks made payable to "International Livestock/Purina Mills" that were indorsed and presented for payment by International Livestock but were not indorsed by Purina Mills. The court, Kurtis T. Wilder, J., granted summary disposition for the defendant, finding that the checks were honored properly because the virgule (/) means "or," indicating a direction for payment in the alternative and, therefore, the indorsement of only one of the two payees was required. The plaintiff appealed. (Docket No. 163179).

Ronald D. Harmon, and others, brought an action in the Washtenaw Circuit Court against Paul V. Bauers, First of America Bank-Ann Arbor, and others, alleging, in part, conversion as a result of First of America Bank's activities with regard to a check made payable to "Golden American/PVB Ins. & Fin." that Bauers indorsed as "Paul V. Bauers Insurance & Financial Services" and deposited into an account under that name at Manufacturers National Bank of Ann Arbor without Golden American's indorsement. Manufacturers National Bank then presented the check to First of America Bank, as the drawee bank, who honored the check. First of America Bank filed a third-party complaint against Manufacturers National Bank. The court, Melinda Morris, J., concluded that the virgule means "and" and required the indorsement of both payees. The court granted motions for summary disposition filed by the plaintiffs and First of America Bank. Judgments were thereafter entered against First of America Bank with regard to the plaintiffs' complaint and against Manufacturers National Bank with regard to the third-party complaint brought by First of

REFERENCES

Am Jur 2d, Bills and Notes § 117.

See ALR Index under Bills and Notes.

America Bank. First of America Bank and Manufacturers National Bank appealed by leave granted. (Docket No. 166948). The appeals were consolidated.

The Court of Appeals *held:*

The virgule separating the names of two or more payees on an instrument indicates that the instrument is payable to the parties in the alternative. Therefore, it is payable to any of the payees and may be negotiated, discharged, or enforced by any or all of the payees in possession of the instrument. The banks properly honored the checks that were presented with the indorsement of one of the payees.

Order and judgment in Docket No. 163179 affirmed. Orders and judgments appealed in Docket No. 166948 reversed.

BANKS AND BANKING — CHECKS WITH MULTIPLE PAYEES — WORDS AND PHRASES — VIRGULES.

A check drawn to more than one payee whose names are separated by a virgule (/) allows payment to the payees alternatively; the check is payable to any of the payees and may be negotiated, discharged, or enforced by any or all of the payees in possession of the check; a bank properly honors such a check when presented with the indorsement of one of the payees (MCL 440.3110[4]; MSA 19.3110[4]).

*Warner, Norcross & Judd* (by *Edward Malinzak* and *David P. Trummel*), for Purina Mills, Inc.

*Fred S. Steingold,* for Ronald D. Harmon and others.

*Raymond & Prokop, P.C.* (by *John R. Trentacosta* and *Mark A. Aiello*), for Security Bank & Trust.

*Elias Muawad,* for First of America Bank-Ann Arbor and Manufacturers National Bank of Ann Arbor.

Before: MICHAEL J. KELLY, P.J., and REILLY and E. SOSNICK,* JJ.

REILLY, J. In Docket No. 163179, plaintiff Purina

* Circuit judge, sitting on the Court of Appeals by assignment.

Mills Inc., appeals as of right a circuit court order and judgment granting summary disposition for defendant Security Bank & Trust. In Docket No. 166948, defendant, third-party plaintiff, cross-defendant First of America Bank-Ann Arbor (FOA) and third-party defendant Manufacturers National Bank of Ann Arbor (MNB) appeal by leave granted orders and judgments entered against FOA for plaintiffs and against MNB for FOA with regard to its third-party complaint. These consolidated appeals concern the meaning of a virgule when used by a drawer to separate the names of payees on a check. We conclude that the virgule is synonymous with the word "or" and indicates a direction for payment in the alternative. Accordingly, we affirm the order and judgment in Docket No. 163179 and reverse in the orders and judgments in Docket No. 166948.

### DOCKET NO. 163179

From February 10, 1992, to June 17, 1992, K-R Summers & Sons Livestock drew ten checks totaling over $21,000[1] on its account at Security Bank & Trust. The checks were made payable to "International Livestock/Purina Mills." International Livestock indorsed the checks and presented them to Mid America Bank in Wisconsin. Mid America honored the checks and presented them to Security as the drawee bank, which also honored the checks without Purina's indorsement. Purina filed this action to recover the amount of the checks from Security. Security filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10) in which it argued, in part, that the checks

[1] The total referred to by the parties in their briefs, $21,160.49, appears to be based on the amount of check number 6712 being $614.40, rather than "Six Hundred Seventy one & 40/100" as the check is written.

were properly honored because the virgule indicates alternative payees. The court agreed with this argument and granted Security's motion.

### DOCKET NO. 166948

Plaintiffs gave defendant Paul V. Bauers several checks for the purpose of paying for insurance policies and investment securities. This appeal concerns only one of the checks, number 4971, which was made payable to "Golden American/ PVB Ins. & Fin." in the amount of $32,465.92.[2] Bauers indorsed the check as "Paul V. Bauers Insurance & Financial Services" and deposited the check into an account under that name at MNB without Golden American's indorsement. MNB presented the check to FOA as the drawee bank, which honored the check.

Plaintiffs brought this action against Bauers for conversion and against FOA for honoring the check without the necessary indorsements. FOA filed a third-party complaint against MNB. In ruling on motions for summary disposition by FOA and MNB, the court concluded that the virgule meant "and" and required the indorsements of both payees. On the basis of this determination, motions for summary disposition were filed by plaintiffs and by FOA regarding its third-party claim against MNB, and were granted by the trial court. Judgments were thereafter entered against FOA with regard to the complaint and against MNB with regard to the third-party complaint brought by FOA.

Whether the virgule separating the names of two or more payees on an instrument indicates that the instrument is payable to all parties listed,

---

[2] Because this appeal concerns only one of the checks, we will not discuss the parties and procedural history of the claims relating to the other checks.

or to the parties in the alternative, is an issue of first impression in Michigan.

Courts in other jurisdictions that have decided this issue have concluded that its use indicates that the instrument is payable in the alternative. *Dynalectron Corp v Union First Nat'l Bank,* 488 F Supp 868 (D DC, 1980), aff'd sub nom *Dynalectron Corp v Equitable Trust Co,* 704 F2d 737, 739 (CA 4, 1983) (applying Maryland law); *Kinzig v First Fidelity Bank, NA,* 277 NJ Super 255; 649 A2d 634 (1994); *Mumma v Rainier Nat'l Bank,* 60 Wash App 937; 808 P2d 767 (1991); *L B Smith, Inc v Bankers Trust Co of Western New York,* 80 AD2d 496; 439 NYS2d 543 (1981), aff'd 55 NY2d 942; 434 NE2d 261 (1982); *Ryland Group, Inc v Gwinnett Co Bank,* 151 Ga App 148; 259 SE2d 152 (1979).

We agree with these authorities that a check drawn to payees whose names are separated by a virgule allows payment to the payees alternatively. A virgule is defined as "an oblique stroke (/) used between two words to show that an appropriate one may be chosen to complete the sense of the text." *The Random House College Dictionary, Revised Edition* (1975). Thus, the virgule is used to separate alternatives. According to MCL 440.3110(4); MSA 19.3110(4), "[i]f an instrument is payable to 2 or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument." The banks properly honored the checks that were presented with the indorsement of one of the payees.

In Docket No. 163179, we affirm the trial court's order and judgment granting Security's motion for summary disposition. In Docket No. 166948, we reverse the orders and judgments entered against FOA and MNB with respect to check number 4971.