290 N.J. Super. 211 (1996)
675 A.2d 663
DANCO, INC., PLAINTIFF-APPELLANT,
v.
COMMERCE BANK/SHORE, N.A., DEFENDANT-RESPONDENT AND SAN FRAN PLUMBING, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 17, 1996.
Decided May 10, 1996.
*213 Before Judges SHEBELL, STERN and WALLACE.
Andrew Cohen argued the cause for appellant (Gerstein, Cohen & Grayson, attorneys; Suzanne E. Bragg, on the brief).
Richard M. Berman argued the cause for respondent (Parker, McCay & Criscuolo, attorneys; Mr. Berman, on the brief).
The opinion of the court was delivered by SHEBELL, P.J.A.D.
Plaintiff, Danco, Inc. (Danco), filed an action against defendant, Commerce Bank/Shore, N.A. (Commerce), seeking payment of funds on three checks drafted by K. Hovnanian at Valley Brook, Inc. (Hovnanian) made payable to:
SAN FRAN PLUMBING, INC./
DANCO, INC.
112 STRATFORD AVENUE
STRATFORD, NJ 08084.
Plaintiff's complaint alleged that San-Fran Plumbing, Inc. (San-Fran) presented the three checks to Commerce for payment without the authority of Danco after San-Fran had forged the signature of Daniel Campbell, on behalf of Danco, and that Commerce paid the proceeds on the basis of indorsements believed to be forged by San-Fran. Plaintiff demanded judgment against Commerce for the face value of the checks totaling $22,332.50.
Commerce's answer denied all allegations, and asserted that the action was barred by the Uniform Commercial Code (U.C.C.), that the complaint failed to state a claim for which relief could be granted and was barred by the statute of limitations. Commerce also filed a Third-Party Complaint against San-Fran and its principal Frank Papa, alleging that the damages sought were the direct result of the breach of warranty of San-Fran. Neither San-Fran nor Papa responded to the Third-Party Complaint.
*214 On motion before the completion of discovery, Commerce was granted summary judgment dismissing plaintiff's complaint with prejudice. The judge held that the checks were payable alternatively to either Danco or San-Fran, and not to the two in conjunction. He reasoned that if the check had been payable to both parties jointly only, it would have had an ampersand ("&") or the word "and" and not a virgule ("/"), meaning "or."
Danco is in the business of selling plumbing supplies. For approximately four years San-Fran obtained materials and supplies from Danco, on credit, for use in construction projects that included two development projects built by Hovnanian. When the San-Fran account became delinquent, Danco and San-Fran agreed to enter into a joint check agreement, whereby checks drafted by Hovnanian in payment of San-Fran's work in Hovnanian's projects would be made payable to both Danco and San-Fran.
On August 7, 1991, San-Fran wrote the following request to Hovnanian:
We would appreciated it, if all checks to San-Fran Plumbing, Inc., will be made out to two parties. First party San-Fran Plumbing, Inc., and the second party to be Danco Plumbing, Inc.
On May 14, 1992, another such request, involving a different development project, was made by San-Fran.
According to the certifications of Daniel Campbell, San-Fran, upon receiving a check from Hovnanian, would bring it to Danco to determine what San-Fran owed Danco. Both Danco and San-Fran would indorse the check, and then Danco would deposit the check into its bank account. If any amount of the Hovnanian check exceeded the amount owed by San-Fran to Danco, Danco would issue its check to San-Fran. In September of 1992, San-Fran filed for Chapter 7 bankruptcy, owing Danco almost $200,000.00.
During the course of litigation with a successor company to San-Fran, Danco discovered that San-Fran had received the following three joint checks which were not presented to Danco as had been their agreement: 1) 15-NOV-1991 for $11,025.00; 2) 11-OCT-1991 *215 for $10,660.00; and 3) 04-OCT-1991 for $647.50. Danco claims that its indorsement was forged, and that it never saw any of these checks.
Danco submitted an affidavit of forgery for each check to Midlantic Bank, the bank on which the checks were drawn. Midlantic, after conducting its investigation, determined that defendant, Commerce, was the depositing bank and turned the claim over to it. In response, Commerce produced a certification of Frank Papa asserting that Danco had authorized him to sign the checks for Danco. Danco denied this representation and continues to maintain that the indorsements are fraudulent.
Danco filed suit against Commerce for processing the checks with the forged signatures. The Law Division judge in granting defendant's motion for summary judgment held that the checks were payable alternately to either Danco or San-Fran, and that even if Danco's signature was a forgery, only one signature needed to be valid, and therefore Commerce acted appropriately in cashing the checks.
Danco argues on appeal that the trial court's presumption that the virgule ("/") means "or" is incorrect, and that the meaning of the virgule is ambiguous. Such ambiguity, it argues, renders summary judgment inappropriate. It further urges that since discovery was incomplete, it was denied the opportunity to determine whether Commerce violated its own procedures regarding the processing of such instruments. See New Jersey Steel Corp. v. Warburton, 139 N.J. 536, 655 A.2d 1382 (1995).
Until February of 1995, N.J.S.A. 12A:3-116, Instruments Payable to Two or More Persons, provided the following with respect to an instrument payable to the order of two or more persons:
(a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
(b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.
Thus, the statute made a clear distinction between an instrument payable to "A and B" and one payable to "A or B." Further, *216 where an instrument was written payable to "A and/or B" the statute made it payable in the alternative to A, or to B, or to A and B together. Although no statute in New Jersey stated that "/" was the equivalent of "or," we perceive that this meant it could be negotiated, enforced or discharged by payment to either A or B.
However, the enactment of U.C.C. (Revised) § 3-110(d) in February of 1995, adds further light to the issue. It provides that where any ambiguity between joint or alternative payees is present, the ambiguity should be resolved in favor of alternative construction. It states:
(d) If an instrument is payable to two or more persons, alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument.... If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.

[N.J.S.A. 12A:3-110(d), (Emphasis Added)].
The Official Comment to this Revised U.C.C. section states the following as to construing ambiguities in favor of alternative payees: "In the case of ambiguity[,] persons dealing with the instrument should be able to rely on the indorsement of a single payee." Official Comment, U.C.C. (Revised) § 3-110(d). Although this provision was not in effect at the time of this transaction, we believe there are persuasive reasons to hold in accordance with the U.C.C. revision. As we have noted, it is the objective intent of the maker that is controlling as to the indorsements required. Thus, unless the maker makes it clear that indorsement by a single payee is unacceptable, persons dealing with the instrument should be able to rely on the single indorsement without suffering the risk of incurring liability. The maker is in the best position to guard against the ambiguity and that is where the duty should be.
Only one case in our State has dealt with the question of what the virgule means. Kinzig v. First Fidelity Bank, N.A., 277 N.J. Super. 255, 258, 649 A.2d 634 (Law Div. 1994). In Kinzig, supra, the trial court held that "use of a virgule permits payment *217 to either of the payees listed on a check, and proper payment requires the indorsement of only one of the payees." Ibid. In modern writing, the word "virgule" means a short slanting stroke drawn between two words and indicating that either may be used by the reader to interpret the sense of the text. "It denotes the disjunctive or alternative." 92 C.J.S. Virgule (1995 supplement at 125) (emphasis added).
Other jurisdictions, both state and federal, have concluded that use of a virgule is not ambiguous and means "or." In each case, the courts have looked to dictionary definitions, and concluded that the plain meaning of a virgule ("/") indicates an alternative choice or "or." Purina Mills, Inc. v. Security Bank & Trust, 547 N.W.2d 336 (Mich. App. 1996) (a virgule is defined as "an oblique stroke (/) used between two words to show that an appropriate one may be chosen to complete the sense of the text," quoting The Random House College Dictionary, Revised Edition (1975)); Mumma v. Rainier National Bank, 60 Wash. App. 937, 808 P.2d 767, 768, review den. 117 Wash.2d 1019, 818 P.2d 1098 (1991); Dynalectron Corp. v. Equitable Trust Co., 704 F.2d 737, 739 (4th Cir.1983); L.B. Smith, Inc. v. Bankers Trust Co. of W. New York, 80 A.D.2d 496, 439 N.Y.S.2d 543, 544 n. 2 (1981) (quoting The Random House Dictionary of the English Language, Unabridged Edition 1967, a virgule is "a short oblique stroke (/) between two words indicating that whichever is appropriate may be chosen to complete the sense of the text in which they occur"), aff'd, 55 N.Y.2d 942, 449 N.Y.S.2d 192, 434 N.E.2d 261 (1982); Brown Strober Bldg. Supply Corp. v. Living House, Inc., 107 Misc.2d 294, 433 N.Y.S.2d 724, 725 (N.Y.Dist.Ct. 1980); Miron Rapid Mix Concrete Corp. v. Bank Hapoalim, B.M., 105 Misc.2d 630, 432 N.Y.S.2d 776, 777 (N.Y.Sup. 1980) (citing Webster's New International Dictionary of the English Language, Funk & Wagnalls Standard Desk Dictionary, the Random House Dictionary of the English Language, Unabridged (1966), and the American Heritage Dictionary of the English Language (1969)); Ryland Group, Inc. v. Gwinnett Cy. Bank, 151 Ga. App. 148, 259 S.E.2d 152, 153 (1979) ("a short slanting stroke drawn between two words, usually and *218 and or (thus, and/or), and indicating that either may be used by the reader to interpret the sense," quoting Webster's New International Dictionary of the English Language, Second Edition, Unabridged (1961)).
In L.B. Smith, supra, a check in the names of two payees separated by a virgule containing two indorsements, one valid and the other, unauthorized, was held validly indorsed by the defendant bank. The check was made payable to "L.B. Smith/Inland Erectors." An employee of L.B. Smith, authorized to indorse checks on behalf of his employer, indorsed the check in the names of both payees. Although the signature of Inland was unauthorized, the court upheld that the check was properly payable with one valid indorsement. 439 N.Y.S.2d at 544.
In Purina Mills, supra, the Michigan Court of Appeals upheld the indorsement of a check signed only by one payee where the check was payable to "Golden American/PVB Ins. & Fin." 547 N.W.2d at 337. The check was indorsed by "Paul V. Bauers Insurance and Financial Services" and deposited into an account under that name without Golden American's indorsement. Id. at 337. The court, citing Michigan's Revised U.C.C. Article 3 § 110(d), held that the virgule is used to separate alternatives. Ibid. Similarly, in Dynalectron v. Equitable, supra, the Fourth Circuit Court of Appeals held that the virgule allows payment to either of the payees. There, the payees' names were written on a check as "Schrader, Inc./Dynacom." 704 F.2d at 738. In so holding, the court noted the official comment to U.C.C. § 3-116, stating that "instruments made payable to `A or B' or `A and/or B' are payable in the alternative," and concluded that only one signature was necessary to indorse the check. Id. at 738-39.
Further, a law review article cited by the plaintiff points out that:
The use of virgules between two designated payees has been uniformly interpreted by the courts to designate alternative payees.
* * * * * * * *

*219 The courts appear to agree that when only a virgule is used, absent other ambiguous punctuation or wording, alternative payees are intended.
[Gerry W. Beyer, Pay to the Order of Whom?  The Case of the Ambiguous Multiple Payee Designation, 21 U. Tol. L.Rev. 685 (1990)(emphasis added).]
Although all of the case law holds that a virgule means alternative or "or," plaintiff urges another definition of "virgule" as reflected in Webster's Third New International Dictionary, Unabridged (1981); that is, as in medieval manuscripts, "the earliest form of a comma usu[ally] used to indicate a caesura [or pause]." Therefore, the plaintiff urges that the use of a comma (",") or a symbol representing a comma, introduces a patent ambiguity onto the face of the instrument. Plaintiff cites Swiss Baco Skyline Logging, Inc. v. Haliewicz, 18 Wash. App. 21, 567 P.2d 1141, 1147 (1977), wherein the court determined that the payee designation, which included a comma, was ambiguous. Plaintiff also urges that there is ambiguity as "San-Fran" was on a separate line from "Danco" and therefore, the virgule did not come between two words. Plaintiff cites case law that holds that where two payees are listed vertically, the check is payable jointly and requires the valid signature of both parties. See Peoples Nat. Bank v. American Fidelity Fire Ins., 39 Md. App. 614, 386 A.2d 1254, 1255 (1978) and Feldman Const. Co. v. Union Bank, 28 Cal. App.3d 731, 104 Cal. Rptr. 912 (1972).
However, in none of the cited cases did a virgule ("/") separate the two payees. Ibid. Indeed, in Dynalectron, supra, the Fourth Circuit seized upon this important distinction and stated of Peoples Bank, supra, that "the payee designation employed here differs from that used in Peoples National Bank through the use of a symbol." 704 F.2d at 739. Likewise, in the English case of Carvick v. Vickery, 99 Eng. Rep. 414 (K.B. 1783), which held that where there is a vertical listing of payees, the indorsement of one party was insufficient, there was no virgule separating the payees, nor any other language indicating payment in the alternative. See also Moram Agencies, Inc. v. Farrell Transportation, Inc. 35 UCC Rep. Serv. 1236, 1982 WL 171040 (E.D.Pa. 1982).
*220 Even though we conclude that a virgule when placed between two names specifically indicates that alternative indorsement is acceptable, and that payment on an indorsement is proper with the signature of either, we nonetheless would reach the same result if the use of the virgule here were deemed to have resulted in ambiguity. We base this on our acceptance of the reasoning of the Revised U.C.C. § 3-110(d) and our interpretation of the language and comments to former N.J.S.A. 12A:3-116.
In conclusion, we are satisfied that the motion judge properly granted summary judgment in favor of Commerce, as the checks were not paid on forged indorsements. See N.J.S.A. 12A:3-420(a) (replacing former N.J.S.A. 12A:3-419). The indorsements of Danco were not required on the checks in question. See Mandelbaum v. P. & D. Printing, 279 N.J. Super. 427, 432, 652 A.2d 1266 (App.Div. 1995). There was not a conversion by Commerce under N.J.S.A. 12A:3-420(a) because, even assuming that Danco's indorsement are forgeries, they were not required. Only one valid signature was required because the checks were payable to Danco and San-Fran alternately and not jointly. As in L.B. Smith, supra, the checks were properly payable with only one valid indorsement notwithstanding that the other was unauthorized. 439 N.Y.S.2d at 544; see also Kinzig, supra, 277 N.J. Super. at 260, 649 A.2d 634 (one valid signature, even where the other is a forgery, is sufficient to properly pay a check made payable to two payees in the alternative). Therefore, Commerce did not breach any warranty, or commit conversion when it paid the checks, in spite of the fact that Danco's signature may have been forged. Any inconsistency by Commerce in following its own procedures would not alter this conclusion.
Affirmed.