COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NEW WAVE TECHNOLOGIES, INC., | § | No. 08-07-00046-CV |
| Appellant, | § | Appeal from the |
| v. | § | 401st District Court |
| | § | |
| LEGACY BANK OF TEXAS, | § | of Collin County, Texas |
| | § | |
| Appellee. | § | (TC# 401-03509-04) |
| | § | |

## O P I N I O N

New Wave Technologies, Inc. (New Wave) appeals from a summary judgment ordering it take-nothing in a suit against Legacy Bank of Texas (Legacy) for conversion of two checks issued by United Services Automobile Association (USAA). New Wave raises three issues on appeal, whether the trial court erred in granting the summary judgment that Legacy did not convert the checks, under the Texas Business and Commerce Code § 3.420, (1) based upon a repealed statutory limitation of liability or affirmative defense, (2) when there was no endorsement by New Wave on either check, and (3) when neither payee signed its name exactly as drawn, as required by the instruction on the checks.

Maxim Solutions Group, Inc. (Maxim) and New Wave entered into a joint purchase agreement where New Wave would sell to Maxim, and Maxim would sell to USAA. On July 7, 2004, USAA ordered scanners and computer equipment from Maxim/New Wave. The two purchase orders were supposed to be paid directly to New Wave. However, USAA mailed the checks to Maxim.

The checks were made payable to "Maxim Solutions Group/New Wave Techn" for $134,656.16 and $52,558.73 respectively. The back of each check stated "Each Payee Must Endorse Exactly As Drawn." The checks were received by Brett Autrey, president of Maxim, after Maxim had gone out of business, and were subsequently deposited in Maxim's bank account on August 23, 2004. The checks were accepted for deposit by Laura Padilla, a teller for Legacy, using a pre-printed deposit slip of Maxim's. The bank teller checked with her supervisor, Cindy Thomas, about whether or not to place a hold on the funds due to the size of the deposit. Ms. Thomas called Maxim's account officer, Christine Jones, to determine the same. There was no hold placed on the funds. Each check had only Maxim's account number as an endorsement written on the back. The check was not endorsed by the other payee, "New Wave Techn." Ms. Autrey, on advice of counsel, used all or almost all of the funds to pay the IRS withholding taxes Maxim owed on its employees.

Legacy moved for summary judgment against New Wave asserting that (1) it did not convert the checks as a matter of law since Maxim and New Wave were alternate payees as a matter of law, and (2) Legacy acted in good faith and in accordance with commercial standards. Legacy abandoned the second ground at the hearing for summary judgment since it was not applicable. The trial court granted the summary judgment, and ordered that New Wave take nothing.

The standards for reviewing summary judgment rulings are well-established. The standard of review on appeal is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471

-2-

(Tex. 1991); *Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.). The question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the cause or claim. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970); *Wyatt*, 33 S.W.3d at 31. All evidence favorable to the nonmovant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the nonmovant's favor. *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We review the granting of summary judgment *de novo*. *Blake v. Dorado*, 211 S.W.3d 429, 433 (Tex.App.--El Paso 2006, no pet.).

In Issue One, it is argued that the summary judgment was granted in error based upon a repealed statute. Appellee abandoned this argument at the hearing on the motion for summary judgment, and again in its brief, so we do not address this issue.

In Issue Two, New Wave contends that Legacy converted the checks, under Section 3.420 of the Texas Business and Commerce Code, by taking them by transfer from one payee, Maxim, without any endorsement by the other payee, New Wave. Appellant argues that the checks were not made payable alternatively, as a matter of law, but rather were made payable jointly. The initial determination of whom an instrument is payable to is determined by the intent of the issuer of the instrument. TEX.BUS.&COM.CODE ANN. § 3.110(a). When there are multiple payees listed, the Code provides:

> If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or

more person not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.

TEX.BUS.&COM.CODE ANN. § 3.110(d)(Vernon 2002).

The comments to Section 3.110 state:

An instrument payable to X or Y is governed by the first sentence of subsection (d). An instrument payable to X and Y is governed by the second sentence of subsection (d). If an instrument is payable to X or Y, either is the payee and if either is in possession that person is the holder and the person entitled to enforce the instrument. Section 3-301. If an instrument is payable to X and Y, neither X nor Y acting alone is the person to whom the instrument is payable. Neither person, acting alone, can be the holder of the instrument. The instrument is 'payable to an identified person.' The 'identified person' is X and Y acting jointly. Section 3-109(b) and Section 1-102(5)(a). Thus, under Section 1-201(20) X or Y, acting alone cannot be the holder or the person entitled to enforce or negotiate the instrument because neither, acting alone, is the identified person stated in the instrument.

The third sentence of subsection (d) is directed to cases in which it is not clear whether an instrument is payable to multiple payees alternatively. In the case of ambiguity persons dealing with the instrument should be able to rely on the indorsement of a single payee. For example, an instrument payable to X and/or Y is treated like an instrument payable to X or Y.

TEX.BUS.&COM.CODE ANN. § 3.110(d) cmt. 2.

The checks in this case were made payable to "Maxim Solutions Group/New Wave Techn." The checks also had "Each Payee Must Endorse Exactly As Drawn" printed on the back. New Wave argues that the wording on the back of the check shows USAA's intent to make the checks jointly payable. However, the front of the check has the payees separated by a virgule, "/". While no Texas court has addressed the use of virgule in between payees on negotiable instruments, courts around the nation have been uniform in their holdings. The courts have used the common meaning of a virgule, looking at previously decided cases in other

-4-

jurisdictions and dictionary definitions, and have held unanimously that it means "or," allowing for payment in the alternative. *E.g.*, *Dynalectron Corp. v. Equitable Trust Co.*, 704 F.2d 737, 739 (4th Cir. 1983); *J.R. Simplot, Inc. v. Knight*, 988 P.2d 955, 958 n.2 (Wash. 1999); *Danco, Inc. v. Commerce Bank/Shore, N.A.*, 675 A.2d 663, 666 (N.J.Super.Ct.App.Div. 1996); *Purina Mills, Inc. v. Security Bank & Trust*, 547 N.W.2d 336, 337-38 (Mich.Ct.App. 1996). The Fifth Circuit Court of Appeals has also used the common meaning of a virgule, which the court found to be FOR separating alternatives. *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 326 (5th Cir. 2001). In *Heritage*, a virgule was used to separate "invoice" and "bill of lading" in a letter of credit. The court ruled Redcom Laboratories could have presented an invoice or a bill of lading for payment under the terms of the letter of credit. *Id*. We hold that a virgule's common usage means "or" in alignment with the previous decisions of the courts of the many states. This does not resolve the issue, however, since the checks presented to Legacy include other language as well.

The statement on the back of the checks "Each Payee Must Endorse Exactly As Drawn" unequivocally states that each payee should endorse the check. New Wave argues that this shows that the checks are payable jointly. Obviously, the front and back of the checks are conflicting in their instructions. The use of the virgule indicates either payee can endorse while the backs of the checks require all payees to endorse. The printed instructions on the back of the check only increase the ambiguity of how the check is payable. The Dallas Court of Appeals has concluded that "[b]ecause the check does not use the word 'or' or 'and' between the multiple payees," the check was ambiguous and payable to either of the payees, individually. *Mazon Associates, Inc. v. Comerica Bank*, 195 S.W.3d 800, 805 (Tex.App.--Dallas 2006, no pet.); *Allied*

-5-

*Capital Partners, L.P. v. Bank One, Texas, N.A.*, 68 S.W.3d 51, 53 (Tex.App.--Dallas 2001, no pet.). In both *Allied* and *Mazon*, the payees on the checks were listed vertically with no language or symbols between them. *Allied*, 68 S.W.3d at 52; *Mazon*, 195 S.W.3d at 805.

In this case, the words "or" or "and" are also not used, but the virgule and instructions printed on the back of the check point to both being applicable. We find that the check, on its face, is ambiguous as to whether it is payable to persons alternatively or jointly, and as such, the instruments are payable alternatively. TEX.BUS.&COM.CODE ANN. § 3.110(d). In the case of ambiguity, persons dealing with the instrument should be able to rely on the endorsement of a single payee. *Allied*, 68 S.W.3d at 53. No endorsement by New Wave was required for Legacy to deposit the checks since the checks were properly payable to either payee individually. Appellant's Issue Two is overruled.

In Issue Three, New Wave argues that the court improperly granted summary judgment that Legacy did not convert under Section 3.420 of the Texas Business and Commerce Code by taking the checks containing instructions that "Each Payee Must Endorse Exactly as Drawn" by transfer from one payee, Maxim, without either payees having signed its name as an endorsement.

Section 3.420 of the Texas Business and Commerce Code provides, in relevant part:

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.

TEX.BUS.&COM.CODE ANN. § 3.420(a).

Having found the checks to be payable to either Maxim or New Wave, Maxim was

entitled to enforce the instruments. Legacy did not take the instruments from a person not entitled to enforce the instrument, nor did Legacy make payment on an instrument for a person not entitled to enforce the instrument or receive payment. Legacy did not convert the checks under Section 3.420 of the Texas Business and Commerce Code. Issue Three is overruled.

Having overruled all of Appellant's issues, we affirm the trial court's ruling.


June 26, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.