**ALLIED CAPITAL PARTNERS, L.P. and American Factors Corporation, Appellants,**

v.

**BANK ONE, TEXAS, N.A., Appellee.**

**No. 05–00–00745–CV.**

Court of Appeals of Texas, Dallas.

May 4, 2001.

Robert Bruce Buchan, Dallas, for appellants.

David Sam Smith, Michael D. Conner, Houston, for appellee.

Before Justices BRIDGES, FITZGERALD, and RICHTER.

### OPINION

Opinion By Justice BRIDGES.

Allied Capital Partners, L.P. (Allied) and American Factors Corporation (American) appeal the trial court's summary judgment in favor of Bank One, Texas, N.A. In two issues on appeal, Allied and American argue the trial court erred and misapplied the law in granting Bank One's

motion for summary judgment. We affirm the trial court's judgment.

In January 1998, Allied and American were in the business of factoring accounts receivable for third-party clients. Allied assigned its factoring contract with Complete Design, Inc. to American but retained an interest in the factoring of Complete Design's invoices. On January 25, 1998, in payment of invoices issued by Complete Design, Clark Wilson Homes, Inc. issued a check for $6,823.15. The check was payable to:

Complete Design

Allied Capital Partners, L.P.

2340 E. Trinity Mills Ste. 300

Carrollton, Texas 75006

On February 10, 1998, Clark Wilson issued another check for $26,329.32 made payable to:

Complete Design

Allied Capital Partners, L.P.

2340 E. Trinity Mills Ste. 300

Carrollton, Texas 75006

Complete Design deposited both checks in its account at Bank One. However, Allied and American received none of the proceeds of the checks. Complete Design subsequently declared bankruptcy, and Allied and American made demand on Bank One for damages resulting from Bank One's alleged conversion of the two checks. Bank One denied all liability for conversion of the checks. Allied and American subsequently sued Bank One, asserting a conversion cause of action. Bank One filed a general denial and a motion for summary judgment asserting that, because it was ambiguous to whom the checks at issue were payable, they were payable upon a single endorsement. Allied and American responded with their own motion for summary judgment, arguing there was no ambiguity in the payment terms of the checks. The trial court denied Allied and American's motion for summary judgment and granted Bank One's motion. This appeal followed.

In their first issue, Allied and American argue there was a fact issue whether the payment terms of the checks were ambiguous. The standard of review for a summary judgment is well established: (i) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to summary judgment as a matter of law; (ii) in deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (iii) every inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant who moves for summary judgment must show the plaintiff has no cause of action by either disproving at least one essential element of each theory of recovery or conclusively proving all elements of an affirmative defense. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990).

The Texas Business and Commerce Code contains the following provision regarding the effect of listing multiple payees on a negotiable instrument such as the checks at issue:

If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons

alternatively, the instrument is payable to the persons alternatively.

TEX. BUS. & COM.CODE ANN. § 3.110(d) (Vernon Supp.2001). The comments to section 3.110 provide that an instrument payable to X or Y is governed by the first sentence of section 3.110(d). *Id.* § 3.110 cmt. 4. If an instrument is payable to X or Y, either is the payee. *Id.* If either is in possession, that person is the holder and the person entitled to enforce the instrument. *Id.* An instrument payable to X *and* Y is governed by the second sentence of section 3.110(d). *Id.* If an instrument is payable to X and Y, neither X nor Y acting alone is the person to whom the instrument is payable. *Id.* Neither person, acting alone, can be the holder of the instrument. *Id.* The "identified person" to whom the instrument is payable is X and Y acting jointly. *See id.* The third sentence of section 3.110(d) is directed to cases in which it is not clear whether an instrument is payable to multiple payees alternatively. *Id.* In the case of ambiguity, persons dealing with the instrument should be able to rely on the endorsement of a single payee. *Id.*

Allied and American argue their expert's affidavit raises a fact issue regarding whether it was the custom and usage of the banking industry in Dallas in 1998 to require two signatures where no comma or other connector appeared between two names on a check. Allied and American note that the record also contains the affidavit of Bank One's expert stating it was Bank One's policy to require only a single endorsement unless multiple payees were linked by "and." However, Allied and American argue this evidence did not controvert their own summary judgment evidence that Bank One's policy contravened the custom and usage of the banking industry.

We conclude that Bank One's policy correctly followed the provision of the business and commerce code regarding instruments with multiple payees. *See id.* § 3.110(d). The plain language of section 3.110(d) and the comments that follow indicate an instrument bearing multiple payees linked by "or" is payable to any of the payees individually, and an instrument linking payees by "and" is payable only to all of the payees jointly. *See id.* Where an instrument does not use the word "or" or "and" between multiple payees, the instrument is ambiguous and, therefore, payable to any of the payees individually. *See id.* Thus, without resort to testimony concerning the custom and usage of the banking industry in Dallas, the business and commerce code clearly indicates that "or" means "or," "and" means "and," and the absence of such words between listed multiple payees results in the instrument being payable to any of the payees individually. *See id.* We overrule Allied and American's first issue.

In their second issue, Allied and American argue that, even assuming there were no fact issues in this case, this Court should not adopt a standard under section 3.110(d) which would allow banks to ignore the requirement of multiple endorsements when payees are listed separately on the face of a check. In particular, Allied and American rely on the second sentence of section 3.110(d), which provides that an instrument payable to two or more persons "not alternatively" is payable to all of them and may be negotiated, discharged, or enforced only by all of them. *See id.* If there is no punctuation between multiple payees listed vertically on a check, they argue, the check is payable only to all of them because it does not say "or" and is, therefore, payable "not alternatively." In support of this argument, Allied and American refer to numerous cases cited in their motion for summary judgment and to a federal case, *Bank of Am. Nat'l Trust &*

*Sav. Ass'n v. Allstate Ins. Co.,* 29 F.Supp.2d 1129 (C.D.Cal.1998).

We note section 3.110(d), effective January 1, 1996, replaced former section 3.116. *See* Act of June 16, 1995, 74th Leg., R.S., ch. 921, § 1, sec. 3.110(d), 1995 Tex. Gen. Laws 4582, 4586. Former section 3.116 provided as follows:

> An instrument payable to the order of two or more persons
>
> (1) if in the alternative is payable to any one of them and may be negotiated, discharged, or enforced by any of them who has possession of it;
>
> (2) if not in the alternative is payable to all of them and may be negotiated, discharged, or enforced only by all of them.

Act of June 14, 1967, 60th Leg., R.S., ch. 785, § 1, sec. 3.116, 1967 Tex. Gen. Laws 2343, 2414 (amended 1995) (current version at Tex. Bus. & Com.Code Ann. § 3.110(d) (Vernon Supp.2001)). The most recent case among those cited in *Allied* and American's motion for summary judgment was decided in 1990, well before section 3.110(d) became effective. While it does appear that former section 3.116 would have required the checks in this case to be payable to and negotiable only by all of the payees listed, this is no longer the case. Former section 3.116 provided that all checks which were not payable in the alternative ("or") were payable and negotiable only by all named payees. *See id.* In contrast, section 3.110(d) now includes a third category of instruments: those that are ambiguous as to whether they are payable to the named payees alternatively and therefore payable to any of the named payees individually. *See* Tex. Bus. & Com.Code Ann. § 3.110(d) (Vernon Supp.2001). Thus, *Allied* and American's reliance on cases decided before the enactment of section 3.110(d) is misplaced.

Similarly, we are not persuaded the holding in *Bank of America* requires a different result. *See Bank of Am.,* 29 F.Supp.2d at 1139–40. In *Bank of America,* the check at issue was made out as follows:

CHUK N. TANG & ROSA C. TANG, HWJT

BANK OF AMERICA

*Id.* at 1140. The federal court recognized that, prior to 1992, Uniform Commercial Code section 3–116 provided that a check payable to two or more parties separated by "or" could be negotiated by any one of the parties, but a check *not* payable in the alternative was deemed payable to all parties and could only be negotiated if all parties endorsed it. *Id.* at 1138. However, the court noted, the California Commercial Code was amended in 1992 to include section 3110(d), which is identical to section 3.110(d) of the current Texas Business and Commerce Code. *See* Cal. U. Com.Code § 3110(d) (Deering 1999); Tex. Bus. & Com.Code Ann. § 3.110(d) (Vernon Supp.2001); *Bank of Am.,* 29 F.Supp.2d at 1138. The key change in the code was that, under the amended code, ambiguous instruments were payable to the listed payees alternatively. *Bank of Am.,* 29 F.Supp.2d at 1138. Under the former section 3116, an instrument had to be endorsed by all parties *unless* it was in the alternative. *Id.* Thus, in the case of an ambiguity, the presumption shifted from requiring the signature of all parties to allowing payment to any party alternatively. *Id.*

Further, Bank of America's own witness testified she could tell from the face of the check that it was an insurance check, and the insureds were the Tangs. *Id.* at 1140. The check in *Bank of America* indicated it was issued in "SETTLEMENT OF YOUR RENTAL DWELLING LOSS CAUSED BY FIRE ON 11/21/93." *Id.* Thus, it was apparent from the face of the check that

Bank of America was a third party beneficiary under a fire insurance policy, and the check was payable jointly rather than in the alternative. *Id.* Under those facts, the court found the check was unambiguous, and there was no fact issue as to whether the check was payable alternatively. *Id.*

In this case, however, the checks at issue bore only the names "Complete Design Allied Capital Partners, L.P." Each check bore a single designation of "L.P." and a single address. Most importantly, there was no indication, as in *Bank of America,* that the checks were payable jointly or that they were in payment of some settlement or other transaction in which multiple parties had an interest. We conclude under the facts of this case that the checks at issue were ambiguous as to whether they were payable to Complete Design and Allied alternatively. Therefore, they were payable to either Complete Design or Allied individually. *See* TEX. BUS. & COM.CODE ANN. § 3.110(d) (Vernon Supp.2001). We overrule Allied and American's second issue.

We affirm the trial court's judgment.