840 So.2d 300 (2003)
The HYATT CORPORATION, Appellant,
v.
PALM BEACH NATIONAL BANK, et al., Appellees.
No. 3D02-1276.
District Court of Appeal of Florida, Third District.
February 5, 2003.
Demahy Labrador & Drake and Kenneth R. Drake, Miami, for appellant.
Proenza, Roberts & Hurst and Thomas L. Hurst, Miami; Lauri Waldman Ross, Miami, for Palm Beach National Bank.
*301 Rones & Navarro and Victor K. Rones, North Miami Beach, for J & D Financial Corporation.
Before LEVY, SHEVIN, and RAMIREZ, JJ.
LEVY, Judge.
Appellant/defendant the Hyatt Corporation appeals the lower court's Summary Final Judgment in favor of appellee/plaintiff Palm Beach National Bank. Plaintiff/Cross-Appellant, J & D Financial Corporation also appeals the Summary Final Judgment. We affirm.
J & D Financial Corporation is a factoring company. Skyscraper Building Maintenance, LLC, had a contract with Hyatt to perform maintenance work for various Hyatt hotels in South Florida. Skyscraper entered into a factoring agreement with J & D. As part of the factoring agreement, J & D requested Hyatt to make checks payable for maintenance services to Skyscraper and J & D. Of the many checks issued by Hyatt to Skyscraper and J & D, two were negotiated by the bank but endorsed only by Skyscraper. They were made payable as follows:
1. Check No. 1-78671 for $22,531 payable to:
J & D Financial Corp. Skyscraper Building Maint P.O. Box 610250
North Miami, Florida XXXXX-XXXX
2. Check No. 1-75723 for $21,107 payable to:
Skyscraper Building Maint J & D Financial Corp. P.O. Box 610250
North Miami, Florida XXXXX-XXXX
Only one of the payees, Skyscraper, endorsed these two checks. The bank cashed the checks. According to J & D, it did not receive the benefit of these two payments.
J & D filed a complaint against Skyscraper and its principals on the guarantee, Hyatt and the bank. J & D sought damages against Skyscraper under the factoring agreement and separately against Hyatt and the bank for negotiation of the two checks. Hyatt answered and raised the bank's "fault" as an affirmative defense. The bank answered and raised Section 673.1101(4), Florida Statutes (1993) as an affirmative defense. The bank, Hyatt and J & D then moved for summary judgment on the issue of whether the bank properly negotiated the checks. It was uncontested that the bank had a duty to negotiate the checks only on proper endorsement, and if it did not, it would be liable.
The bank argued that the checks were payable to J & D and Skyscraper alternatively, and thus the bank could properly negotiate the checks based upon the endorsement of either of the two payees. The bank further argued that the checks were drafted ambiguously as to whether they were payable alternatively or jointly, and thus under Section 673.1101(4), Florida Statutes, the checks would be construed as a matter of law to be payable alternatively.
Hyatt's position was that the checks were not ambiguous, were payable jointly and not alternatively, and thus under Section 673.1101, the checks could only be negotiated by endorsement of both of the payees. J & D similarly argued that the checks were payable jointly. The trial court granted Summary Judgment in favor of the bank, finding that Section 673.1101(4) precluded the bank's liability. Hyatt appealed. J & D filed a crossappeal.
The issue on appeal is whether or not a check payable to

*302 J & D Financial Corporation
Skyscraper Building Maintenance
(stacked payees) is payable jointly to both payees requiring the endorsement of both, or whether it is ambiguous regarding whether the check was drafted payable alternatively, so that the bank could negotiate the check when it was endorsed by only one of the two payees.
In 1990, Article 3 of the UCC was revised, and the language of UCC Section 3-116 was added to UCC section 3-110 and became subsection (d). Revised UCC Section 3-110(d), which added language to follow former 3-116(a) and (b), states, "If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively." The net effect of the amendment was to change the presumption. What was unambiguous before is now ambiguous.
Turning to our jurisdiction, Florida has adopted the statutory revision to UCC 3-110, with its enactment of Section 673.1101, Florida Statutes (1992). Section 673.1101(4) now provides the following:
(4) If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.
§ 673.1101(4), Fla. Stat.
The issue under review has not reached Florida's appellate courts. However, two trial courts in Florida have addressed this issue in Bijlani v. Nationsbank of Florida, N.A., 25 UCC Rep. Serv.2d (CBC) 1165, 1995 WL 264180 (Fla.Cir.Ct.1995) and City First Mortgage Corp. v. Florida Residential Property & Casualty Joint Underwriting Ass'n., 37 UCC Rep. Serv.2d (CBC) 126, 1998 WL 1095082 (Fla. Miami-Dade County Ct.1998). We find the reasoning in both cases to be persuasive.
In Bijlani, the appellee paid a check which did not have Bijlani's endorsement. The check was made payable to
Bay Village Inc. Michael Bijlani & Ron Delo & Assoc 5411 Grenada Blvd Coral Gables, FL 33133
The trial court granted the bank's motion for summary judgment, stating that "The multiple payee designation on the check is ambiguous as to whether it is payable to `Bay Village Inc.' `Michael Bijlani...' jointly or alternatively." Holding that the bank was not liable, the trial court noted that the predecessor statute "provided that if an ambiguity existed as to whether multiple payees were intended as joint or alternative payees, they were deemed joint payees," while the amended statute applicable to this case "reverses the prior rule." Id. at 1166.
In City First Mortgage Corp. v. Florida Residential Property & Casualty Joint Underwriting Ass'n., 37 UCC Rep. Serv.2d (CBC) 126, 1998 WL 1095082 (Fla. Miami-Dade County Ct.1998), a Florida County Court reached the same conclusion. In City First Mortgage Corp., the bank paid a check which did not have City First Mortgage Corp.'s endorsement. The check was made payable to
BORIS LA ROSA ODALYS LA ROSA CITY FIRST MTG. CORP. ISAOA ATIMA
The county court granted First Union's Motion to Dismiss Complaint, stating that *303 the Complaint failed to state a cause of action against the bank. The court found that,
On its face, the Check is payable to two or more persons and, as a matter of law, the payee designation on the Check is ambiguous as to whether it is payable to the persons alternatively.
Id. at 127. The court cited to § 673.1101(4), Fla. Stat.
Although Florida appellate courts have not yet considered the issue at hand, other courts in the country have. See Dimmitt & Owens Financial, Inc. v. USA Glass & Metal, Inc., 1998 WL 852862 (N.D.Ill. 1998)(the listing of names on the check did not contain the word "or" or "and", thus the complete absence of any indication as to whether the check was intended to be payable alternatively or jointly, the court found that the check was ambiguous as to whether it was made payable to either payee alternatively and held the check could be paid to either payee individually); Harder v. First Capital Bank, 332 Ill. App.3d 740, 266 Ill.Dec. 770, 775 N.E.2d 610 (2002)(checks listing multiple payees without grammatical connectors except between names of two payees were ambiguous as to whether checks were payable jointly or in the alternative, and thus were payable in the alternative with endorsement of any payee listed singly or with endorsement of both payees that were listed together); Meng v. Maywood Proviso State Bank, 301 Ill.App.3d 128, 234 Ill.Dec. 92, 702 N.E.2d 258 (1998) (cashier's check which the named payee specially indorsed to make payable to two new payees was ambiguous where it did not include any language or markings, such as the word "and" or the word "or," regarding whether the check was payable alternatively or jointly; thus, the check was payable alternatively); Allied Capital Partners, L.P. v. Bank One, Texas, N.A., 68 S.W.3d 51 (Tx. Ct.App.2001)(checks which listed two payees that were not connected by "and" or "or" were ambiguous as to whether they were payable to two payees jointly or alternatively, and thus bank complied with statute in treating ambiguous payees as alternate payees, and cashing checks on endorsement of only one payee).
For example, a case which has addressed this particular issue with almost identical facts to those before us is Allied Capital Partners, L.P. v. Bank One, Texas, N.A., 68 S.W.3d 51 (Tx.Ct.App.2001). In Allied, the checks were made payable to:
Complete Design Allied Capital Partners, LLP. 2340 E. Trinity Mills St. 300 Carrollton, Texas 75006
The debtor endorsed the checks and deposited them into a corporate bank account. The factor then sued the bank for conversion for payment on the debtor's endorsement.
On appeal from the adverse summary judgment, the factor cited pre-revision law. The Texas appellate court affirmed the summary judgment, stating:
While it does appear that former section 3.116 would have required the checks in this case to be payable to and negotiable only by all of the payees listed, this is no longer the case ...
Allied Capital Partners, L.P. v. Bank One, 68 S.W.3d at 54. Under these facts, the court found that the check was unambiguous.
We conclude that based on the 1990 amendment to the Uniform Commercial Code, when a check lists two payees without the use of the word "and" or "or", the nature of the payee is ambiguous as to whether they are alternative payees or joint payees. Therefore, the UCC amendment prevails and they are to be treated *304 as alternative payees, thus requiring only one of the payees' signatures. Consequently, the bank could negotiate the check when it was endorsed by only one of the two payees, thereby escaping liability.
The standard of review when reviewing the entry of summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). As the parties correctly point out, this is a case of first impression in Florida appellate courts. Section 3-116 of the 1952 UCC version provided that:
An instrument payable to the order of two or more persons
(a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
(b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.
U.C.C. § 3-116 (1952). Under this version of the UCC, it was presumed that an instrument made payable to two payees was payable jointly. See Allied Capital Partners, L.P. v. Bank One Texas, N.A., 68 S.W.3d 51, 55 (Tex.Ct.App.2001). Florida adopted this provision of the UCC in Section 673.116, Florida Statutes (1969).
Hyatt's position, in sum, is that if a stacked payee designation was considered unambiguous and payable jointly before the amendment of the applicable statute, that same payee designation is unambiguous after the amendment of the statute. However, based on the foregoing case law, we find this position untenable because it ignores the shift in presumption brought about by the UCC revision. With the statutory presumption removed, the same stacked payee designation that was unambiguous and payable jointly pre-1992 is now ambiguous and payable in the alternative. Thus, we hold that the trial court was correct in granting the Summary Final Judgment.
Affirmed.